# EXHIBIT 2



*Process and Industrial Developments Limited*

*Engineers, Consultants and Managing Contractors*

| |
|---|
| LIAISON OFFICE: 12, VAAL STREET, OFF RHINE STREET, MINISTERS HILL, MAITAMA, ABUJA, FCT, NIGERIA<br>TEL: +234 9 413 4098<br>EMAIL: INFO@PANDID.NET |

The Honourable Minister of Petroleum Resources,
Federal Ministry of Petroleum Resources,
Block D, 11th Floor,
NNPC Towers,
Herbert Macaulay Way,
Central Business District,
P.M.B. 449, Abuja.

OFFICE OF THE HONOURABLE MINISTER

22 AUG 2012

22nd August 2012

Honourable Minister,

Re:   **Gas Supply and Processing Agreement for Accelerated Gas Development between the Ministry of Petroleum Resources of the Federal Republic of Nigeria and Process and Industrial Developments Limited dated 11 January 2010 - Notice of Arbitration**

We refer to the above-referenced agreement dated 11 January 2010 ("the Agreement"). As you will be aware, a dispute has arisen between the parties in respect of the performance of the Agreement concerning the failure of the Government of Nigeria ("the Government") to make available to Process and Industrial Developments Ltd ("P&ID") the quantity of wet gas stipulated in clause 3(c) and Appendix A of the Agreement for Phase 1 of the Project.

P&ID have sought to resolve this matter amicably with the Government. We have written to you and to other Government departments and officials on a number of occasions identifying the Government's failure to comply with its obligations under the Agreement, seeking assistance and intervention with other parties, and, more recently, making proposals for the amendment of the Agreement so as to permit the parties to work together to progress the implementation of the Project. We appreciate that you, your department, and many others, have taken steps to resolve the issues that have

TRIDENT CHAMBERS, P.O. BOX 146, ROAD TOWN, TORTOLA,
BRITISH VIRGIN ISLANDS.
EMAIL: INFO@PANDID.NET

231

arisen. Unfortunately, however, the Government remains in breach of its obligations to P&ID under the Agreement.

In the circumstances, P&ID is compelled to refer this dispute to arbitration in accordance with clause 20 of the Agreement and would respectfully ask that you treat this letter as its Notice of Arbitration for those purposes.

For convenience, we set out the terms of clause 20 in full:

### "20. APPLICABLE LAW and DISPUTE RESOLUTION

*The Agreement shall be governed by, and construed in accordance with the laws of the Federal Republic of Nigeria.*

*The Parties agree that if any difference or dispute arises between them concerning the interpretation or performance of this Agreement and if they fail to settle such difference or dispute amicably, then a Party may serve on the other a notice of arbitration under the rules of the Nigerian Arbitration and Conciliation Act (Cap A18 LFN 2004) which, except as otherwise provided herein, shall apply to any dispute between such Parties under this Agreement. Within thirty (30) days of the notice of arbitration being issued by the initiating Party, the Parties shall each appoint an arbitrator and the arbitrators thus appointed by the Parties shall within fifteen (15) days from the date the last arbitrator was appointed, appoint a third arbitrator to compete the tribunal. In the event that the arbitrators do not agree on the appointment of such third arbitrator within the aforementioned fifteen (15) days, or any extension of such deadline that the Parties may mutually agree, such an arbitrator or third arbitrator shall be appointed by the President of the Court of Arbitration of the International Chamber of Commerce ("ICC") in accordance with the relevant ICC rules on the application of either Party (notice of the intention to apply having been duly issued to the other) and, when appointed, the third arbitrator shall convene meetings of the arbitration panel, act as chairman thereof and decide the differences or dispute should the arbitrators fail to reach a unanimous decision. No arbitrator shall be appointed if such person has been employed or contracted by either of the parties or their respective Affiliates within five (5) years prior to the notice of arbitration.*

*When an arbitrator refuses or neglects to act, or is incapable of acting or dies, a new arbitrator shall be appointed in his place and the above provisions of appointing arbitrators shall, mutatis mutandis, govern the appointment of such arbitrator.*

*The arbitration award shall be final and binding upon the Parties. The award shall be delivered within two months after the appointment of the third arbitrator or within such extended period as may be agreed by the parties. The costs of the arbitration shall be borne equally by the Parties. Each Party shall, however, bear its own lawyers' fees.*

Page 2 of 4

**232**

*The venue of the arbitration shall be London, England or otherwise as agreed by the Parties. The arbitration proceedings and record shall be in the English language*

*The Parties shall agree to appropriate arbitration terms to exclusively resolve any disputes arising between them from this Agreement."*

In accordance with the provisions of Article 3 of Schedule 1 to the Nigerian Arbitration and Conciliation Act:

(1) Please accept this letter as P&ID's demand that any and all disputes concerning the interpretation or performance of the Agreement be referred to arbitration, including but not necessarily limited to the dispute identified above in respect of the Government's breach(es) of clause 3 and Appendix A of the Agreement.

(2) The names and address of the parties are:

(a) (for the Ministry of Petroleum Resources (for an on behalf of the Federal Government of Nigeria)

The Honourable Minister of Petroleum Resources
NNPC Towers
Herbert Macaulay Way
Abuja
Nigeria

(b) (for P&ID)

The Chairman
Process and Industrial Developments Ltd
15B Buchanan Crescent
Off Aminu Kanu Cresent
Wuse II, Abuja, FCT
Nigeria

Attn: Mr. Neil C. Hitchcock, Projects Director

(c) Please note that the current address of P&ID is as follows:

12, Vaal Street,
off Rhine Street, Ministers Hill,
Maitama,
Abuja,
FCT, Nigeria

(3) The arbitration agreement is contained in clause 20 of the Agreement set out above.

Page 3 of 4

**233**

(4) The dispute arises out of the Agreement.

(5) The claim is for breach of contract as described above. P&ID reserves the right to make such further or alternative claims as it may be advised to make in relation to the matters referred to above. At present, P&ID estimates its loss of profit as a result of the matters referred to above over the 20 year term of Phase 1 of the Project to be not less than US$1,991,816,709 (one billion nine hundred and ninety one million eight hundred and sixteen thousand seven hundred and nine US Dollars). P&ID reserves the right to modify the amount of its claim, including so as to claim in respect of other losses and/or in respect of expenses. P&ID will also claim interest on such sums as may be awarded to it as well as its legal costs and the costs of the arbitration.

(6) P&ID will be seeking damages and/or other relief.

(7) Clause 20 of the Agreement provides for the constitution of the arbitral tribunal. P&ID shall appoint its arbitrator within 30 days of the date of receipt by the Government of this notice. P&ID calls on the Government to appoint its arbitrator also within 30 days of the date of receipt of this notice.

For the avoidance of doubt, nothing in this letter is intended to amount to an acceptance on the part of P&ID of any repudiatory breach of the Agreement on the part of the Government. So far as P&ID is concerned, the Agreement remains in full force. In particular, P&ID intends .notwithstanding the present dispute and the commencement of arbitration to proceed with Phase 2 of the Agreement.

As with our letter of 27 July 2012, the necessity of writing to you in these terms and that it has been necessary to give this notice of commencement of arbitration is very much regretted. Notwithstanding that, it remains our earnest hope that the present difficulties can be resolved to the satisfaction of both parties so that the Project can be implemented for the benefit of all concerned as originally envisaged.

Yours respectfully,

Neil C. Hitchcock
Projects Director

**TWENTY MARINA SOLICITORS LLP**
BARRISTERS & SOLICITORS

STERLING TOWERS
20 MARINA LAGOS
P.O. BOX 9945 LAGOS

TELEPHONE: 2912225
FAX: 2719882, 4622686
E-MAIL: TMS@TMSLLP.COM
WWW.TMSLLP.COM

7 March 2016

| | | |
|---|---|---|
| Lord Leonard Hoffman | Sir Anthony Evans | Chief Bayo Ojo, SAN |
| Brick Court Chamber | Essex Court Chambers | Bayo Ojo & Co. |
| 7-8 Essex Street | 24 Lincoln's Inn Fields | 4th Floor, ITF Building |
| London | London | 6, Adetokunbo Ademola |
| WC2R 3LD | WC2A 3EG | Crescent, Wuse 2 |
| | | Abuja, Nigeria |

By e-mail only: 'Leonard Hoffman' leonard.hoffman@brickcourt.co.uk; 'Sir Anthony Evans' AEvans@essexcourt.net; 'Chief Bayo Ojo, SAN cabayoojo@aol.com

Dear Tribunal,

**RE: PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED AND THE MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL MINISTRY OF NIGERIA**

We write in respect of the above arbitration.

We are aware of the 11th of March 2016 date for the Respondent to file its statement on damages.

We are preparing our statement on damages however we are yet to conclude due to the process of the government approval for appointment of exerts.

In light of the above, we hereby request for a further extension of time to the 1st week in June 2016 to enable us file our statement on damages.

As the Tribunal is aware, we are dissatisfied with the Award on liability; we are currently contesting the Award in a court of law.

We thank you in anticipation of your granting the further extension.

Yours faithfully,

Olasupo Shasore, SAN
Twenty Marina Solicitors LLP