# EXHIBIT 4

IN THE MATTER OF THE ARBITRATION AND CONCILIATION ACT (NIGERIA)

AND

IN THE MATTER OF AN ARBITRATION UNDER THE RULES OF THE NIGERIAN ARBITRATION AND CONCILIATION ACT (CAP A18 LFN 2004)

BETWEEN:

PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED

**Claimant**

-v-

THE MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA

**Respondent**

_____

RESPONDENT'S NOTICE OF PRELIMINARY OBJECTION

_____

1

**INTRODUCTION**

This Preliminary Objection is submitted on behalf of the Respondent. The grounds for the objection are as stated below;

- The contract entered into on 11 January 2010 is void under Nigerian law.

- The contract of 11 January 2010 is void for failure by the Claimant to comply with section 54 of the Companies and Allied Matters Act Cap C20 Laws of the Federation of Nigeria 2004.

Consequently, the tribunal lacks jurisdiction to entertain the present proceedings.

On the basis of the grounds set out above, the Respondent requests the tribunal to make an award in the following terms:

i. **That the contract is void under Nigerian law for want of legal capacity.**

ii. **The tribunal lacks jurisdiction to entertain the present proceedings same having been predicated on a void contract.**

**RELEVANT FACTUAL BACKGROUND**

The Claimant is Process and Industrial Developments Limited (P & ID) an engineering and project management company registered at Trident Chambers, P.O. Box 146, Road Town, Tortola in the British Virgin Islands with a Nigerian office at 12 Vaal Street, off Rhine Street, Ministers Hill, Maitama, Abuja.

2

The Respondent is the Ministry of Petroleum Resources of the Federal Republic of Nigeria ("the Respondent").

The Claimant and the Respondent entered into the Agreement subject matter of the present dispute. The terms, conditions and obligations of the parties are as stated in the Agreement. Parties in Article 20 of the Agreement expressly agreed that the Agreement be governed by Nigerian law and also that disputes relating to the performance of the Agreement be resolved by arbitration.

In furtherance of the above arbitration agreement, the Claimant issued a Notice of Arbitration. The Claimant subsequently filed its Statement of Case seeking the reliefs stated therein.

The present objection is in response to the Statement of Case. Below are the submissions of the Respondent in respect of the objection.

**CAPACITY TO CONTRACT**

Under Nigerian law, capacity to contract is one of the essential elements of a valid contract. In other words, apart from an offer, acceptance, consideration and intention to create legal relationship, parties to a contract must also possess the capacity to contract. All the five ingredients must be present before a valid contract can exist in law. A contract cannot be formed if any of the ingredients is absent. *OKUBULE V. OYAGBOLA (1990) 4 NWLR (PT 147) 72, ORIENT BANK (NIG.) V. BILANTE INT'L LTD. (1997) 8 NWLR PT.515.*

Further to the foregoing, it is trite that for a party to possess capacity to contract, such a party must be a legal person. Put differently, such a person must be a juristic person; a person known to law. See *ET & EC (NIG) LTD V. NEVICO LTD (2004) 3 NWLR PT. 860 327*

3

A juristic person has however been defined as an entity that is duly accorded recognition by law as having rights and duties of a human being. It also includes corporations, partnerships and such other associations incorporated or unincorporated.

There are two categories of juristic persons under Nigerian law; companies registered under the Company and Allied Matters Act Cap C20 Laws of the Federation of Nigeria ("CAMA") and statutory corporations. The legal personality of a registered company is conferred on it upon incorporation. The legal personality of a statutory corporation is conferred upon it either expressly or impliedly by the statute creating same – *CARLEN NIGERIA LIMITED V UNIJOS* (1994) 1 NWLR Pt. 323 631.

The legal consequence of the above mentioned principle is that only natural persons and juristic persons can validly enter into a contract under Nigerian law.

The contract, subject matter of the present proceedings, is between the Claimant and the Respondent. The Respondent is a policy instrument of the government of the Federal Republic of Nigeria; it is not a juristic person. It is submitted on behalf of the Respondent that while the Government of the Federation or of a state in Nigeria is constitutionally endowed with a legal personality same cannot be said of unincorporated ministries of government including the Respondent herein *ANOZIA V. AG, LAGOS [2010] 15 NWLR PT. 1216 PG. 238 @ 240*.

The status of a Ministry created by policy statement as "a juristic person" came before the courts for determination in *AGBOOLA V SAIBU (1991) 2 NWLR PT 175 566*. The Court of Appeal in that case held that a Ministry is not a juristic person.

On the authority of the decisions of the courts on this issue, it is submitted that the Respondent is not a juristic person under Nigerian law and lacked the capacity to contract. The Respondent does not exist under Nigerian law. The contract is consequently void and unenforceable. *OKUBULE V. OYAGBOLA (supra)*

4

**Violation of Section 54 of the Companies and Allied Matters Act Cap C20 Laws of the Federation of Nigeria 2004**

Without prejudice to the foregoing submissions, the Respondent contends that the contract, subject matter of the present proceedings, is void and therefore unenforceable. By Section 54 (1) of the Companies and Allied Matters Act Cap C20 Laws of the Federation of Nigeria 2004 ("CAMA"), a foreign company is prohibited from doing business in Nigeria without obtaining a separate incorporation at the Corporate Affairs Commission ("CAC"). Section 54 of CAMA specifically provides as follows;

> *" (1) Subject to sections 56 to 59 of this Act, every foreign company which before or after the commencement of this Act was incorporated outside Nigeria, and having the intention of carrying on business in Nigeria shall take all steps necessary to obtain incorporation as a separate entity in Nigeria for that purpose, but until so incorporated, the foreign company shall not carry on business in Nigeria or exercise any of the powers of a registered company and shall not have a place of business or an address for service of documents or processes in Nigeria for any purpose other than the receipt of notices and other documents, as matters preliminary to incorporation under this Act"*
>
> *(2) Any act of the company in contravention of subsection (1) of this section shall be void"*

The implication of the foregoing provisions is that a foreign company cannot carry on business in Nigeria unless such foreign company is incorporated in Nigeria. The consequences of non-compliance are as stated in subsection (2) of section 54.

5

The foregoing provisions were issues for determination by the Court of Appeal in *PAWA COMPLEX INTERNATIONAL V. PSTF* **(2008) 9 CLRN 16**. In that case the Court of Appeal defined "carrying on business" as follows;

> *"to conduct, prosecute, or continue a particular vocation or business as a continuous operation or permanent occupation. It also means to hold one's self out to others as engaged in the selling of goods and services"*

In that case, the 1st Appellant an American company entered into a contract with the Respondent. The 1st Appellant at the time the contract was executed was not incorporated in Nigeria even though it subsequently incorporated the 2nd Appellant for the purpose of actual performance of the contract. The court held that the 1st Appellant in executing the contract was carrying on business in Nigeria without incorporation. The Court consequently upheld the decision of the trial court to the effect that the contract in question was void and unenforceable.

In the present proceedings, the contract was executed between the Claimant "a corporation organized and existing under the laws of the British Virgin Islands" and the Respondent. It is not in dispute from the recital that the Claimant at the time of entering into the contract was a foreign company which did not have a separate incorporation in Nigeria. In view of this and on the authority of the Court of Appeal in the *PAWA COMPLEX* case (supra), it is submitted that the contract subject matter of the present proceedings is void.

**Tribunal lacks jurisdiction**

Whereas it is accepted that an arbitration agreement is separate from the contract in which it is contained, we contend that the doctrine of separability would not apply in

6

the instant case. This is in view of lack of capacity to contract which we submit is a vitiating element of both the main contract and the arbitration agreement. Jurisdiction of the tribunal is predicated on the arbitration agreement contained in the contract. In the instant case however, the Respondent has demonstrated that the entire contract and the arbitration agreement is void and therefore unenforceable. This is as distinct from being merely an illegal contract.

On that basis, we submit that the tribunal lacks jurisdiction to entertain the present proceedings same having been predicated on a void and unenforceable arbitration agreement.

**Conclusion**

From the forgoing submissions, Respondent has demonstrated the lack of capacity to contract on the part of both parties to the contract dated 11th January 2010 and therefore the failure of the entire contract including the arbitration agreement. The Respondent has also stated the consequences of such failure under Nigerian law.

On the basis of the foregoing, the Respondent requests the tribunal to make an award in the following terms;

   i. **That the contract is void under Nigerian law for want of capacity to contract**

   ii. **The tribunal lacks jurisdiction to entertain the present proceedings same having been predicated on a void and unenforceable agreement.**

*Twenty Marina Solicitors LLP*

Served this 3RD day of October 2013 by Twenty Marina Solicitors LLP, Solicitors for the Respondent.

7