# EXHIBIT 10

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

CL-2015-000917

BEFORE THE HON MR JUSTICE PHILLIPS



In an arbitration claim

BETWEEN

THE MINISTRY OF PETROLEUM RESOURCES
OF THE FEDERAL REPUBLIC OF NIGERIA

Claimant

- and -

PROCESS AND INDUSTRIAL DEVELOPMENTS LTD

Defendant

In the matter of an arbitration

BETWEEN

PROCESS AND INDUSTRIAL DEVELOPMENTS LTD

Claimant in the Arbitration

- and -

THE MINISTRY OF PETROLEUM RESOURCES
OF THE FEDERAL REPUBLIC OF NIGERIA

Respondent in the arbitration

**ORDER AND REASONS**

**ORDER**

Upon the Claimant's application under Part 62.9 of the Civil Procedure Rules to extend the 28-day time period in which to apply to challenge the Part Final Aware of Lord Leonard Hoffmann, Chief Bayo Ojo and Sir Anthony Evans dated 17 July 2015 (the "**Part Final Award**")

AND UPON READING the witness statement of Folakemi Adelore dated 22 December 2015 and the witness statement of Ian David Sellars dated 31 December 2015:

IT IS ORDERED THAT the Claimant's application be dismissed

10 February 2016

## REASONS

1. The application under s.68 of the Arbitration Act is made more than 4 months after the expiry of the 28 day time limit. Compelling reasons would have to be shown to justify an extension of over four times the statutory time limit. In this case the delay is said to have been caused by the fact that the new President of the Federation of Nigeria, sworn in on 29 May 2015, did not appoint an Attorney General until 11 November 2015 with the result that London solicitors were not instructed in relation to the application until 13 November 2015.

2. Even if the absence of an Attorney General was an insuperable obstacle to instructing London solicitors (which is far from clear in view of the evidence filed by the defendant), the claimant could and should have prepared all documentation in readiness so as to proceed with expedition once London solicitors were instructed, not least in view of the fact that the claimant continued to participate in the arbitration proceedings throughout the period with the benefit of external counsel. In the event documentation was not provided to London solicitors until 25 November and the application under s.68 was not issued until 40 days after London solicitors were first instructed, a period in excess of the statutory time limit. No good explanation is given for that further excessive period of delay. In those circumstances it is not appropriate to extend time.

3. In refusing to extend time I further take into account that the grounds of appeal have no merit. As to ground (A), it is incorrect to say that the Tribunal found that the clamant was not in breach of art 6(a): the finding was that the claimant had put itself in a position where it was impossible for it to comply with art 6(a) by virtue of its own breach of art 6(b). There was no internal inconsistency in the Tribunal's reasons. As to ground (B), the Tribunal clearly addressed the actual authority of claimant to enter and perform the GSPA, holding that that was the *prima facie* position and rejecting the claimant's arguments to displace that starting point. There was no ambiguity or confusion in its findings between the concepts of capacity and authority. As to ground (C), there was a clear and sufficient finding that the breach of art 6(b), rending it impossible to perform art 6(a), was a repudiatory breach. The contention that separate consideration should have been given to a breach of art 6(b) alone is misconceived.

SEP

10.2.16