**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

PROCESS AND INDUSTRIAL
DEVELOPMENTS LIMITED,

                                    Petitioner,

            v.                                                  Case No. 18-cv-00594-CRC

FEDERAL REPUBLIC OF NIGERIA AND
MINISTRY OF PETROLEUM RESOURCES OF
THE FEDERAL REPUBLIC OF NIGERIA,

                                    Respondents.

---

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF THE RESPONDENTS' MOTIONS TO SET**
**ASIDE THE CLERK'S ENTRY OF DEFAULT AND TO DISMISS**

Dated: Washington, D.C.
          June 12, 2018

# TABLE OF CONTENTS

**Page(s)**

**PRELIMINARY STATEMENT** ...................................................................................................1

**BACKGROUND** .........................................................................................................................2

**ARGUMENT**..............................................................................................................................4

I.   THIS COURT LACKS PERSONAL JURISDICTION OVER NIGERIA
     BECAUSE  PETITIONER FAILED TO SERVE THE RESPONDENTS IN
     COMPLIANCE WITH THE FSIA.........................................................................................4

II.  BECAUSE THE CLERK'S ENTRY OF DEFAULT IS VOID, IT MUST BE  SET
     ASIDE AND IS THEREFORE NOT AN OBSTACLE TO DISMISSAL ............................8

III. THE COURT SHOULD WAIVE THE REQUIREMENTS OF LOCAL RULE 7(G)........11

**CONCLUSION** .........................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acree v. Iraq,*
   658 F. Supp. 2d 124 (D.D.C. 2009) .......................................................... 8, 9, 10, 11

*Agudas Chasidei Chabad of U.S. v. Russian Fed'n,*
   798 F. Supp. 2d 260 (D.D.C. 2011) ........................................................................ 7

*Barot v. Embassy of Zambia,*
   785 F.3d 26 (D.C. Cir. 2015) ......................................................................... 1, 5, 6

*Bell Helicopter Textron, Inc. v. Islamic Republic of Iran,*
   734 F.3d 1175 (D.C. Cir. 2013) ............................................................................ 10

*Bennett v. United States,*
   462 F. Supp. 2d 35 (D.D.C. 2006) ........................................................................ 8

*Darby v. McDonald,*
   307 F.R.D. 254 (D.D.C. 2014) ....................................................... 8, 9, 10, 11

*FG Hemisphere Assocs. v. Democratic Republic of Congo,*
   447 F.3d 835 (D.C. Cir. 2006) .............................................................................. 8

*First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda – Permanent Mission,*
   877 F.2d 189 (2d Cir. 1989) ................................................................................. 8

*Fly Braz. Grp., Inc. v. Gov't of Gabon,*
   709 F. Supp. 2d 1274 (S.D. Fla. 2010) ................................................................. 7

*In re Papandreou,*
   139 F.3d 247 (D.C. Cir. 1998) .............................................................................. 9

*Jackson v. Beech,*
   636 F.2d 831 (D.C. Cir. 1980) ........................................................................... 8, 9

*Kettey v. Saudi Ministry of Educ.,*
   53 F. Supp. 3d 40 (D.D.C. 2014) .......................................................................... 7

*Lawton v. Republic of Iraq,*
   Civ. No. 02-474 (RBM), 2006 U.S. Dist. LEXIS 94335 (D.D.C. Dec. 6, 2006) .................... 11

*Lucchino v. Foreign Countries of Brazil, S. Korea, etc.,*
   631 F. Supp. 821 (E.D. Pa. 1986) ......................................................................... 7

*Maalouf v. Islamic Republic of Iran,*
   _ F. Supp. 3d _, Civ. No. 16-280 (JDB),
     2018 U.S. Dist. LEXIS 54952 (D.D.C. Mar. 30, 2018) .................................... 8, 9

*Nikbin v. Islamic Republic of Iran,*
   471 F. Supp. 2d 53 (D.D.C. 2007) ........................................................................ 7

*O.J. Distrib., Inc. v. Hornell Brewing Co.,*
   340 F.3d 345 (6th Cir. 2003) ............................................................................... 10

*Practical Concepts, Inc. v. Republic of Bolivia,*
  811 F.2d 1543 (D.C. Cir. 1987)......................................................................... 8

*Scott v. District of Columbia,*
  598 F. Supp. 2d 30 (D.D.C. 2009) ..................................................................... 10

*Simon v. Southern R. Co.,*
  236 U.S. 115 (1915)..................................................................................... 2, 10

*Transaero, Inc. v. La Fuerza Aerea Boliviana,*
  30 F.3d 148 (D.C. Cir. 1994).......................................................................... 4, 5

*Verlinden B.V. v. Central Bank of Nigeria,*
  461 U.S. 480 (1983)............................................................................................ 9

*Weinstein v. Islamic Republic of Iran,*
  175 F. Supp. 2d 13 (D.D.C. 2001) ...................................................................... 8

## Statutes

28 U.S.C. § 1330(b) ................................................................................ 1, 2, 5, 10
28 U.S.C. § 1603(a) ........................................................................................... 2
28 U.S.C. § 1604 ................................................................................................ 9
28 U.S.C. § 1605(a)(6)....................................................................................... 7
28 U.S.C. § 1608(a)(3)............................................................................... passim
28 U.S.C. § 1608(e) ........................................................................................ 1, 9

## Federal Rules

FED. R. CIV. P. 12(b)(2) ................................................................................ 1, 2, 5
FED. R. CIV. P. 12(b)(4) ............................................................................ 1, 2, 5, 7
FED. R. CIV. P. 12(b)(5) ................................................................................ 1, 2, 5
FED. R. CIV. P. 55(c) ............................................................................... 1, 2, 9, 10
FED. R. CIV. P. Rule 60 ...................................................................................... 9

## Legislative History

H.R. Rep. No. 94-1487 (1976),
  *as reprinted in* 1976 U.S.C.C.A.N. 6604............................................................ 5

## Federal Regulations

22 C.F.R. § 93.2 ................................................................................................. 7

## Other Authorities

Local Rule 7(g) ............................................................................................ 1, 11

Respondents Federal Republic of Nigeria (the "Republic") and the Ministry of Petroleum Resources of the Federal Republic of Nigeria (the "Ministry of Petroleum" and together with the Republic, "Nigeria") submit this memorandum of points and authorities in support of their motion (i) to dismiss the above-captioned proceeding pursuant to Rules 12(b)(2), (4) and (5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient process and insufficient service of process under the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1330(b) and 1608(a)(3); (ii) to set aside the Clerk's Entry of Default, dated June 5, 2018 (Dkt. No. 15), pursuant to Rule 55(c) of the Federal Rules of Civil Procedure; and (iii) for leave to file a motion to set aside the default without an accompanying verified answer under Local Rule 7(g).

## PRELIMINARY STATEMENT

Nigeria is indisputably a foreign state and is therefore entitled to all of the jurisdictional and procedural safeguards accorded to foreign states under the FSIA.  Pursuant to 28 U.S.C. § 1608(e), no default shall be entered against a foreign state unless and until a court determines that a plaintiff has established by satisfactory evidence the jurisdiction of the court and the merits of the claims.  No Section 1608(e) determination was made prior to the Clerk's entry of default against Nigeria.  Such an inquiry would have revealed that this Court lacks jurisdiction to enter a default against Nigeria.  While Petitioner purported to serve Nigeria under 28 U.S.C. § 1608(a)(3), the documents on record demonstrate that Nigeria was not properly served because the process documents were not addressed and dispatched to the head of the ministry of foreign affairs.  Indeed, the D.C. Circuit's controlling decision in *Barot v. Embassy of Zambia*, 785 F.3d 26 (D.C. Cir. 2015), holds that service is insufficient where, as here, the process documents are not addressed to the "head of the ministry of foreign affairs" as explicitly required under Section 1608(a)(3).  Because Nigeria was not properly served, this Court lacks personal jurisdiction over

Nigeria under the FSIA, 28 U.S.C. § 1330(b).  As a result, the Clerk's entry of default is void for

want of jurisdiction.  *See Simon v. Southern R. Co.*, 236 U.S. 115, 122 (1915).  Accordingly, the

case must be dismissed pursuant to Rules 12(b)(2), (4) and (5), and the Clerk's entry of default

must be set aside pursuant to Rule 55(c).

## BACKGROUND

Nigeria is a foreign state as defined in the FSIA, 28 U.S.C. § 1603(a).  Petitioner is a

British Virgin Islands company owned and controlled by two Irish nationals.  (Dkt. No. 1, ¶ 1.)

Petitioner initiated this proceeding by filing its Petition to Confirm Arbitration Award (the

"Petition") on March 16, 2018.  (*Id.*)  The Petition seeks recognition of an arbitral award in

which the majority of the tribunal awarded Petitioner $6,597,000,000 plus 7% pre-award and

post-award interest as compensation for breach of a contract relating to a project that never broke

ground, notwithstanding the fact that Petitioner never performed under the contract and never

made any attempt to mitigate its damages.  (Dkt. No. 3-17, ¶¶ 42-43, 112.)  A dissenting member

of the tribunal held that Petitioner's damages should be limited to $250 million in light of its

obligation under governing Nigerian law to mitigate its damages.  (Dkt. No. 3-18, ¶¶ 44-46.)

The Petitioner alleges that, as of the date of the Petition, approximately $9 billion is due on the

arbitral award.  (Dkt. No. 1, ¶¶ 27-28.)

Summonses were issued for both the Republic and the Ministry of Petroleum on March

20, 2018.  (Dkt. No. 7.)  The summons for the Republic was addressed to "FEDERAL

REPUBLIC OF NIGERIA C/O The Ministry of Foreign Affairs, Central District FCT, Abuja,

Nigeria."  (*Id.* ECF p. 1.)  The summons for the Ministry of Petroleum was addressed to

"MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA

c/o The Ministry of Foreign Affairs, Central District FCT, Abuja, Nigeria."  (*Id.* ECF p. 2.)  The

summonses were not addressed to the head of the Ministry of Foreign Affairs for the Federal

Republic of Nigeria.  Nor do the summonses identify Hon. Geoffrey Jideofor Kwusike Onyeama,

the Minister of Foreign Affairs of the Federal Republic of Nigeria, by name or title.

On March 20, 2018, counsel for Petitioner filed a form Affidavit Requesting Foreign

Mailing (the "Mailing Affidavit") asking the Clerk to dispatch the summonses, Petition and

notice of suit to "Federal Republic of Nigeria c/o The Ministry of Foreign Affairs, Central

District FCT, Abuja, NIGERIA" and "Ministry Of Petroleum Resources of the Federal Republic

Of Nigeria c/o The Ministry of Foreign Affairs, Central District FCT, Abuja, NIGERIA"

pursuant to 28 U.S.C. § 1608(a)(3).  (Dkt. No. 8.)  Counsel for Petitioner did not request the

mailing to be dispatched by registered mail, return receipt requested, as offered in the Court's

request form and, instead, opted for service via DHL courier.  (*Id.*)  Counsel for Petitioner

certified in the Mailing Affidavit that the method of service requested was "authorized by the

domestic law of … The Federal Republic of Nigeria" and that he "obtained this information by

contacting the Overseas Citizens Services, U.S. Department of State."  (*Id.*)  The Mailing

Affidavit does not request the mailing to be addressed and dispatched to the head of the Ministry

of Foreign Affairs for the Federal Republic of Nigeria.

On March 22, 2018, the Clerk entered a Certificate of Mailing stating that the

summonses, Petition and notice of suit were dispatched to Nigeria via FedEx.  (Dkt. No. 10.)

The FedEx labels appended to the Certificate of Mailing show that the packages were addressed

and dispatched to "C/O Ministry of Foreign Affairs  Federal Republic of Nigeria, Central District

FCT, Abuja, Nigeria" and "C/O Ministry of Foreign Affairs  Ministry of Petroleum Resources of

the Federal Republic of Nigeria, Central District FCT, Abuja, Nigeria."  (Dkt. No. 10-1.)  The

FedEx labels show that the packages were not addressed and dispatched to the head of the Ministry of Foreign Affairs for the Federal Republic of Nigeria.

On April 16, 2018, Petitioner filed FedEx receipts indicating that the packages dispatched by the Clerk were delivered to a "Receptionist/Front Desk" at "Central District FCT Abuja" on March 27, 2018.  (Dkt. No. 12, ECF pp. 1, 6.)  The FedEx receipts list the recipients of the packages as "C/O Ministry of Foreign Affairs  Federal Republic of Nigeria Central District FCT Abuja, NG" and "C/O Ministry of Foreign Affairs  Ministry of Petroleum Resources of the Federal Republic of Nigeria, Central District FCT, Abuja, NG."  (*Id.*)  The FedEx receipts indicate that "NO SIGNATURE IS AVAILABLE" for either package.  (*Id.*)  The FedEx receipts show that the packages were not addressed and dispatched to the head of the Ministry of Foreign Affairs for the Federal Republic of Nigeria.  The service documents were stamped received by the Ministry of Petroleum on March 28, 2018.  (Declaration of Joseph D. Pizzurro, dated June 12, 2018 ("Pizzurro Decl.") at Ex. 1.)

On June 4, 2018, Petitioner filed a Request for Entry of Default asserting that service of process was completed on March 27, 2018 and that Nigeria did not timely respond to the petition.  (Dkt. No. 14.)  On June 5, 2018, the Clerk's Entry of Default was entered against Nigeria.  (Dkt. No. 15.)  On June 7, 2018, the undersigned counsel received a signed letter from Nigeria retaining the firm to represent Nigeria in this proceeding.  (Pizzurro Decl. ¶ 6.)

## ARGUMENT

### I.   This Court Lacks Personal Jurisdiction over Nigeria Because Petitioner Failed to Serve the Respondents in Compliance with the FSIA

Nigeria is indisputably a foreign state and therefore must be served in accordance with 28 U.S.C. § 1608(a), which "sets for the exclusive procedures for service on a foreign state." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994) (quoting H.R.

Rep. No. 94-1487, at 24 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 6604, 6623).   Under the

FSIA, effective service of process in accordance with Section 1608 is a necessary and explicit

requirement for the exercise of personal jurisdiction over a foreign state defendant.   28 U.S.C. §

1330(b).   Thus, Petitioner's failure to properly serve Nigeria is a fatal jurisdictional defect

warranting dismissal pursuant to Rules 12(b)(2), (4) and (5).

Petitioner attempted service under Section 1608(a)(3), which states that service of

process can be made on a foreign state:

> by sending a copy of the summons and complaint and a notice of
> suit, together with a translation of each into the official language of
> the foreign state, by any form of mail requiring a ***signed receipt***, to
> be ***addressed and dispatched*** by the clerk of the court ***to the head
> of*** the ministry of foreign affairs of the foreign state concerned . . .

28 U.S.C. § 1608(a)(3) (emphasis added).   Actual notice is not sufficient to satisfy Section

1608(a).   *See Transaero*, 30 F.3d at 154.   Rather, "strict adherence to the terms of 1608(a) is

required" when attempting service on a foreign state.   *Id.*   Petitioner failed to comply with these

strict requirements.

Petitioner did not address the summons, Petition and notice of suit to the "***head of***

ministry of foreign affairs" as explicitly required under Section 1608(a)(3).   Rather, in its

Mailing Affidavit, Petitioner asked the Clerk to deliver the service documents to "Federal

Republic of Nigeria c/o The Ministry of Foreign Affairs" and "Ministry Of Petroleum Resources

of the Federal Republic Of Nigeria c/o The Ministry of Foreign Affairs."  (Dkt. No. 8.)  The

FedEx labels and receipts show that the documents were in fact dispatched to Nigeria "C/O

Ministry of Foreign Affairs" instead of the head of the Ministry of Foreign Affairs.  (Dkt. Nos.

10-1 and 12.) Petitioner's failure to address process to the head of the Ministry of Foreign

Affairs alone renders service insufficient under Section 1608(a)(3).   *See Barot*, 785 F.3d at 30;

*Transaero*, 30 F.3d at 154.

The D.C. Circuit's holding in *Barot* is controlling.  The waybill in *Barot* showed that the service of process mailing was addressed to "Embassy of Zambia, P.O. Box 50069, Lusaka City, Zambia . . . Contact: Min. Foreign Affairs, 260 211 252666."  *Barot*, 785 F.3d at 28.  The post office box belonged to the ministry of foreign affairs, and the contact number was the ministry of foreign affairs' general telephone line.  *Id.*  The plaintiff also filed a "delivery confirmation that showed, through signature, that the package had arrived at the Ministry [of foreign affairs] in Lusaka."  *Id.*  While these documents showed the process documents were addressed and dispatched to, and received by, Zambia's ministry of foreign affairs, the district court held that the attempted service "did not comply with the strict terms of Section 1608(a)(3)" because the "plaintiff did not address [the service documents] to the head minister."  *Id.*  It explained that the "main defect" was the "failure to make any reference to the individual – whether by name or by title – who occupies the office of the head of the ministry of foreign affairs as the addressee of the package."  *Id.*  at 29.  Based on this "fatal, technical error," the district court dismissed the case.  *Id.* at 28.  The D.C. Circuit affirmed the district court's conclusion that service was ineffective under Section 1608(a)(3) but remanded the case to allow the plaintiff another attempt to serve the defendant.  *Id.* at 29-30.

Here, as in *Barot*, the summons, the Mailing Affidavit, the FedEx labels and the FedEx receipts all fail to identify Nigeria's Minister of Foreign Affairs, Hon. Geoffrey Jideofor Kwusike Onyeama, by name or title.  Thus, as in *Barot*, Petitioner's attempted service was insufficient under Section 1608(a)(3) because the process documents were not addressed and dispatched to the head of the Ministry of Foreign Affairs.

Petitioner also failed to serve Nigeria by a "form of mail requiring a signed receipt" as mandated by Section 1608(a)(3).  Courts have routinely held that service of process is ineffective

under Section 1608(a)(3) absent a signed receipt of service.  *See, e.g., Kettey v. Saudi Ministry of Educ.,* 53 F. Supp. 3d 40, 49 (D.D.C. 2014); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 269 (D.D.C. 2011); *Nikbin v. Islamic Republic of Iran*, 471 F. Supp. 2d 53, 68 (D.D.C. 2007).  While this Court's form mailing affidavit gave Petitioner the option of having the Petition, summons and notice of suit to be dispatched by registered mail with return receipt, Petitioner did not select that option.  (Dkt. No. 8.)  And the FedEx receipts that Petitioner filed as proof of service indicate that "NO SIGNATURE IS AVAILABLE" for either package dispatched to Nigeria.  (Dkt. No. 12, ECF pp. 1, 6.)  Thus, Petitioner's failure to provide signed receipts of service is yet another fatal defect in its attempt to serve Nigeria.[1]

In addition, Petitioner failed to provide Nigeria with sufficient process pursuant to Rule 12(b)(4) because it did not append the entire FSIA to the notice of suit as required under the applicable regulations, 22 C.F.R. § 93.2.  *See Fly Braz. Grp., Inc. v. Gov't of Gabon*, 709 F. Supp. 2d 1274, 1282 (S.D. Fla. 2010) (finding insufficient process where the plaintiff included a copy of one section of the FSIA, but omitted the rest); *Lucchino v. Foreign Countries of Brazil, S. Korea, etc.*, 631 F. Supp. 821, 827 (E.D. Pa. 1986) (finding insufficient process where the plaintiff failed to send a copy of the FSIA).  Here, the plaintiff appended a copy of the FSIA as originally enacted in 1976 to its notice of suit, but omitted the most recent amended provisions, including the exception to sovereign immunity upon which the plaintiff relies: the arbitration exception, 28 U.S.C. § 1605(a)(6).  (Dkt. No. 1 ¶ 6; Pizzurro Decl., Ex. 2.)

In light of the above, this case must be dismissed for lack of personal jurisdiction, insufficient process and insufficient service of process under the FSIA.

---

[1] It is also notable that Petitioner did not even provide an address for the Ministry of Foreign Affairs.  Rather, Petitioner requested the Clerk to send the service documents to Nigeria "C/O Ministry of Foreign Affairs, Central District FCT, Abuja, Nigeria."  Presumably, Petitioner is referring to the Central Business District, which is a neighborhood in Abuja.  Petitioner did not, however, provide the proper mailing address for the Ministry of Foreign Affairs.  *See* Ministry of Foreign Affairs of the Federal Republic of Nigeria, https://foreignaffairs.gov.ng/contact-us/ (last visited June 12, 2018).

**II.      Because the Clerk's Entry of Default Is Void, It Must Be
Set Aside and Is Therefore Not an Obstacle to Dismissal**

Defaults are disfavored in general.  *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir.

1980); *Darby v. McDonald*, 307 F.R.D. 254, 257 (D.D.C. 2014); *Bennett v. United States*, 462 F.

Supp. 2d 35, 37 (D.D.C. 2006).  Defaults are especially disfavored where, as here, the defendant

is a foreign state.  *See FG Hemisphere Assocs. v. Democratic Republic of Congo*, 447 F.3d 835,

838-39 (D.C. Cir. 2006); *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1551-52

(D.C. Cir. 1987); *Acree v. Iraq*, 658 F. Supp. 2d 124, 127 (D.D.C. 2009); *Weinstein v. Islamic

Republic of Iran*, 175 F. Supp. 2d 13, 19 (D.D.C. 2001).  That is because default judgments

against foreign sovereigns "implicate concerns about international comity that rarely appear in

the ordinary lawsuit." *Maalouf v. Islamic Republic of Iran*, _ F. Supp. 3d _, Civ. No. 16-280

(JDB), 2018 U.S. Dist. LEXIS 54952, *9 (D.D.C. Mar. 30, 2018).  As then D.C. Circuit Judge

Ruth Bader Ginsburg explained in *Practical Concepts*: "Intolerant adherence to default

judgments against foreign states could adversely affect this nation's relations with other nations

and 'undermine the State Department's continuing efforts to encourage . . . foreign sovereigns

generally to resolve disputes within the United States' legal framework.'" *Practical Concepts*,

811 F.2d at 1551 n.19 (quoting Brief of United States as Amicus Curiae); *FG Hemisphere

Assocs.*, 447 F.3d at 838-39 (same).  "Courts go to great lengths to avoid default judgments

against foreign sovereigns or to permit those judgments to be set aside." *First Fidelity Bank,

N.A. v. Gov't of Antigua & Barbuda – Permanent Mission*, 877 F.2d 189, 196 (2d Cir. 1989);

*Weinstein*, 175 F. Supp. 2d at 19 (same).  And in doing so, "courts must take seriously both the

comity due between nations and the duty to independently scrutinize default judgment claims

under the FSIA." *Maalouf*, 2018 U.S. Dist. LEXIS 54952 at *17.

A court may set aside an entry of default for "good cause."  FED. R. CIV. P. 55(c).  The good cause standard under Rule 55(c) is "more ***lenient*** than the standard for vacating a default judgment under Rule 60."  *Darby*, 307 F.R.D. at 257 (emphasis original).  In determining whether there is good cause to set aside an entry of default, courts will generally consider: "(1) whether the default was willful, (2) whether a set-aside would prejudice the plaintiff, and (3) whether the alleged defense is meritorious."  *Id.*  Courts evaluate these considerations holistically – and a defendant need not establish all three.  *See Acree*, 658 F. Supp. 2d at 129.  Moreover, the good cause standard is liberally construed and "all doubts are resolved in favor of the party seeking relief."  *Jackson*, 636 F.2d at 836.

However, there is no need to parse the good cause factors in this case because the entry of default is void.  While Rule 55 permits a clerk to enter a default against a non-responsive defendant, the FSIA explicitly states that "[n]o judgment by default shall be entered . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."  28 U.S.C. § 1608(e).  Thus, "[u]nlike for the run-of-the-mill default, the FSIA obliges courts to interrogate plaintiffs' claims."  *Maalouf*, 2018 U.S. Dist. LEXIS 54952 at *11.  In exercising this "unusual gatekeeper role," *id.* at *12, a court must be satisfied not only of the merits of the plaintiff's claims but also that the plaintiff has satisfied its burden of establishing jurisdiction under the FSIA.  *See, e.g., Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493-94 n.20 (1983).  Accordingly, an entry of default (or for that matter any adverse action) cannot be made against a foreign state unless and until the court determines that the foreign state is not entitled to the presumptive immunity accorded under the FSIA – which provides immunity from jurisdiction and all the attendant burdens of litigation.  *See* 28 U.S.C. §§ 1604, 1608(e); *see also In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998).

Moreover, Petitioner did not properly serve Nigeria in accordance with the strict requirements for service of process under the FSIA. *See supra* Section I. "Default cannot be entered where there was insufficient service of process." *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009). Effective service of process is an explicit statutory component of personal jurisdiction under the FSIA. 28 U.S.C. § 1330(b). Insufficient service of process does not merely render the default voidable – its is "absolutely void." *Simon*, 236 U.S. at 122. Because the Clerk's entry of default is void for want of jurisdiction, it must be set aside without regard for the discretionary good cause standard set forth in Rule 55(c). *See, e.g., Bell Helicopter Textron, Inc. v. Islamic Republic of Iran,* 734 F.3d 1175, 1179 (D.C. Cir. 2013) ("[T]here is no question of discretion on the part of the court when . . . the judgment is void, relief is mandatory."); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003) ("[W]e need not weigh the three factors a court considers when setting aside an entry of default" where the defendant was not properly served).

But even applying Rule 55(c)'s good cause standard, all three factors weigh in favor of setting aside the Clerk's entry of default. First, a defendant alleges a "meritorious defense" for purposes of Rule 55(c)'s good cause standard  if there is "even a hint of a suggestion" of a viable defense. *Acree*, 658 F. Supp. 2d at 129. Here, Nigeria has far exceeded that extraordinarily low bar by establishing a defense of lack of personal jurisdiction under the FSIA warranting dismissal. Second, there has been no willful default on the part of Nigeria. Indeed, a defendant has no obligation to respond to a complaint where, as here, it has not been properly served. *See Darby*, 307 F.R.D. at 257 ("Insufficient service of process did not obligate the government to respond to the filing."); *Scott*, 598 F. Supp. 2d at 36 ("Because service on the District was not sufficient, its obligation to plead or otherwise respond had actually not arisen."). Finally,

Petitioner will not suffer any prejudice if the entry of default is set aside because a plaintiff is not prejudiced where it did not comply with the applicable rules for service of process.  *See Darby*, 307 F.R.D. at 257.

### III.    The Court Should Waive the Requirements of Local Rule 7(g)

Local Rule 7(g) states that any motion to set aside an entry of default must be accompanied by a verified answer.  However, this Court has "discretion to modify a party's obligation under the local rules in appropriate circumstances."  *Acree*, 658 F. Supp. 2d at 128. Indeed, courts in this district routinely entertain and grant motions to set aside defaults that are not accompanied by verified answers.  *See id.*  In particular, courts have waived the verified answer requirement of Local Rule 7(g) in light of "the established presumption against granting default judgment against foreign nations."  *Id.*; *see also Lawton v. Republic of Iraq*, Civ. No. 02-474 (RBM), 2006 U.S. Dist. LEXIS 94335, *5 (D.D.C. Dec. 6, 2006).  Waiver of Local Rule 7(g) is also appropriate in this case in light of the fact that Nigeria has not been properly served. *See supra* at Section I.  Until Nigeria is properly served, it has no obligation to respond to the Petition and therefore requiring a verified answer would be premature.

<u>CONCLUSION</u>

For the reasons stated above, this Court should set aside the Clerk's entry of default and dismiss this case for insufficient service of process and lack of personal jurisdiction under the FSIA.

Nigeria reserves all rights and defenses and does not waive any of its defenses or its sovereign immunity.

Dated:          Washington, D.C.
                June 12, 2018

                                             Respectfully submitted,

                                             CURTIS, MALLET-PREVOST,
                                             COLT & MOSLE LLP

                                             By:   _/s/ Joseph D. Pizzurro_____
                                             Joseph D. Pizzurro, Esq.
                                             (D.C. Bar No. 468922)
                                             1717 Pennsylvania Avenue, N.W.
                                             Washington, D.C. 20006
                                             Tel.:  (202) 452-7373
                                             Fax:  (202) 452-7333
                                             Email:  jpizzurro@curtis.com

                                             *Attorneys for Respondents Federal
                                             Republic of Nigeria and Ministry of
                                             Petroleum Resources of the Federal
                                             Republic of Nigeria*