```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PROCESS AND INDUSTRIAL
DEVELOPMENTS LIMITED,                      :

                        Plaintiff,         :

v.                                         :
                                               Civil Action No. 18-cv-00594-CRC
FEDERAL REPUBLIC OF NIGERIA and            :
MINISTRY OF PETROLEUM RESOURCES OF
THE FEDERAL REPUBLIC OF NIGERIA,           :

                        Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MOTION FOR SETTING OF BRIEFING SCHEDULE
ON THE PETITION TO CONFIRM ARBITRATION AWARD
AND SUPPORTING STATEMENT OF POINTS AND AUTHORITIES**

Petitioner Process and Industrial Developments Limited ("P&ID") hereby moves the Court to set a briefing schedule on the Petition to Confirm Arbitration Award (the "Petition") (Dkt. No. 1), under which Respondents Federal Republic of Nigeria and Ministry of Petroleum Resources of the Federal Republic of Nigeria (together, "Nigeria") would be required to promptly file their response to the Petition, which was due on August 27, 2018. That Nigeria filed a motion to dismiss on jurisdictional immunity grounds on August 27 (Dkt. No. 28) (the "Motion") did not suspend the due date for responding to the Petition on the merits. This is a summary proceeding in which, under the Federal Arbitration Act ("FAA"), the Petition is to be treated as a motion and Nigeria was required to submit all its defenses in a single opposition. Nigeria now has arguably waived its ability to raise further defenses and the Court could decide whether to confirm the Final Award based on the Petition and Nigeria's motion alone.

Nigeria's position that it can wait to file a substantive response to the Petition until after the motion to dismiss has been conclusively determined—including after an interlocutory appeal

if necessary—reflects a tactic to further delay paying its debt to P&ID that is inconsistent with the summary nature of an award-confirmation action under the FAA. Unlike a plenary action that requires discovery, resolution of factual disputes, and calculation of damages, these proceedings can and should be resolved on the briefs. Indeed, the position that Nigeria takes here was recently rejected by Judge Kollar-Kotelly in *BCB Holdings Ltd. v. Government of Belize*, Case No. 1:14-cv-1123-CKK, and even criticized by Judge Mehta in *Balkan Energy Ltd. v. Republic of Ghana*, Case No. 1:17-cv-584-APM.

Because Nigeria says it has "several non-jurisdictional grounds for defending against confirmation of the Award under the New York Convention" (Motion at 32 n.4), P&ID is prepared to accept a modest extension of the August 27 deadline for responding to the Petition— even though Nigeria failed to ask for such an extension itself. Accordingly, P&ID respectfully requests that the Court, in the exercise of its case management powers, require Nigeria to file promptly its substantive response to the Petition so that the Court can address in one decision all the issues in the case. The parties have discussed this request and Nigeria opposes it.

If a new deadline for Nigeria's response is to be set, the Court may find it sensible to also modify the briefing schedule on Nigeria's Motion so that it runs in parallel with the due dates for further briefing on the Petition. Given that under Local Rule 7(b) the due date for P&ID's opposition to the Motion is next Monday, September 10, 2018, P&ID respectfully requests that the Court consider this motion by P&ID expeditiously and suspend temporarily the upcoming due date for opposing Nigeria's Motion until such time as the Court has ruled on this motion.[1]

---

[1] While Nigeria does not consent to a briefing schedule being set for responding to the Petition at this time (given its position that it is not yet required to respond), counsel for Nigeria did contact counsel for P&ID to ask whether P&ID was interested in extending the briefing schedule on Nigeria's motion to dismiss. P&ID is not opposed to a reasonable extension of that briefing

## BACKGROUND

On January 31, 2017, a final and binding arbitration award was made in London, United Kingdom, in favor of P&ID and against Nigeria in the amount of approximately US $6.5 billion plus interest (the "Final Award").  The damages awarded by the tribunal represented P&ID's loss of revenue from the sale of millions of metric tons of natural gas liquids over the 20-year term of Nigeria's obligation to supply natural gas under the parties' agreement (which Nigeria had repudiated), less the capital and operating expenditures that P&ID would have incurred in building and operating the facility that would process the natural gas for use in powering Nigeria's national electric grid.  Nigeria has refused to pay its debt.

On March 16, 2018, P&ID filed a Petition for Confirmation of the Final Award under the 1958 Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), a proceeding brought under Chapter 2 of the FAA.  Under 28 U.S.C. § 1608(d), the initial due date for Nigeria to respond to the Petition was May 29, 2018.  Nigeria failed to enter an appearance and respond by the due date.  Three days later, on June 1, 2018, counsel for Nigeria contacted counsel for P&ID to advise that they had been recently retained to represent Nigeria in this case, but still they did not enter an appearance at that time.  (Dkt. No. 24-1 ¶ 4.)

Only after P&ID obtained a Clerk's default on June 4, 2018 (Dkt. No. 15) did Nigeria appear in the case, filing a motion to vacate the default and to dismiss the Petition based on improper service of process (Dkt. No. 17), even though Nigeria's own filing showed that Nigeria had in fact received the Petition and other service documents as early as March 28, 2018 (Dkt. No. 17-3).  On July 13, 2018, the Court granted Nigeria's motion in part and denied it in part,

---

schedule but believes it is important to have all the issues in the case (jurisdictional and non-jurisdictional) be briefed as soon as possible, consistent with the summary nature of this action.

lifting the default but refusing to dismiss the Petition. In the meantime, P&ID had renewed service of process (which Nigeria has not challenged), thereby setting a new due date for Nigeria's opposition to the Petition on August 27, 2018.

On the August 27 due date—and without seeking an extension of its response deadline—Nigeria again failed to file a response to the Petition. Instead, Nigeria filed only the Motion. In it, Nigeria argues that the two exceptions to immunity from suit under the FSIA on which P&ID relies in this action do not apply and that therefore the Court lacks subject-matter jurisdiction. (Motion at 13-30.) Nigeria also argues it is entitled to a conclusive determination on the issue of sovereign immunity, including through an interlocutory appeal if necessary, without waiving its ability to submit defenses on the merits of the Petition at a later time. (Motion at 30-32.) In so arguing, Nigeria is apparently trying to convert what the FAA mandates should be a summary proceeding into a multi-stage litigation in which it can raise its defenses piecemeal, which would prejudice P&ID by delaying the time at which it can start executing on Nigeria's U.S.-based assets if the Final Award is confirmed.[2]

---

[2] That Nigeria's filing of the Motion is a delay tactic is evident also from the fact that Nigeria has taken what is essentially a (misguided) defense on the merits—that the arbitration tribunal's award on liability was supposedly set aside by a Nigerian court which was competent to do so as a primary jurisdiction under Article V(1)(e) the New York Convention—and has repackaged it as a jurisdictional defense, claiming that due to the Nigerian court's order the Final Award does not exist and therefore the FSIA's arbitration exception to jurisdictional immunity does not apply. As P&ID will explain in its opposition to the Motion, Nigeria's claim is meritless. The arbitration exception gives the court jurisdiction in any case "in which the action is brought . . . to confirm an award made pursuant to [] an agreement to arbitrate," 28 U.S.C. § 1605(a)(6), and there can be no serious dispute that both an award and an agreement to arbitrate exist in this case. In any event, Nigeria acknowledges the overlap between its jurisdictional argument and a defense under the New York Convention (Motion at 14), which supports the Court's deciding all the issues together.

## ARGUMENT

It is settled law that an action for confirmation of an arbitration award is a summary proceeding. To support the strong federal policy in favor of arbitral dispute resolution, Congress has directed the district courts to grant "streamlined treatment" to an application to confirm an arbitration award. *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). Section 6 of the FAA provides that a petition to confirm an arbitral award "shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6; *see also* 9 U.S.C. § 208 (extending provision to New York Convention cases). Consequently, award-confirmation proceedings under the FAA "take the form of a summary procedure," whereby the application "should proceed under motions practice, not notice pleading." *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 940 (D.C. Cir. 2007).

P&ID's Petition should therefore be treated as a motion—indeed it was accompanied by declarations and a memorandum of law—which means that Nigeria should have filed its opposition to the Petition on the return date, August 27, 2018. Section 6 of the FAA contemplates a petition to confirm, followed by a single opposition (including any jurisdictional or other defenses), a reply, and then a ruling on the Petition. *Cf.* LCvR 7(a)-(d) (briefing sequence for motions). Consequently, the FAA forecloses the notion that Nigeria can unilaterally delay the due date for its opposition until a motion to dismiss on jurisdictional grounds has been conclusively resolved. Indeed, Nigeria's filing of the Motion did not extend the time for Nigeria to submit a substantive response, as might have been the case if Nigeria were responding to a pleading under Federal Rule of Civil Procedure 12(a)(4)(A). *See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 307-09 (3d Cir. 2006), *cert. denied*, 549 U.S. 821 (2006) (rejecting argument that award-debtor's motion to dismiss extended

time for filing response on the merits to the award-confirmation petition under Rule 12(a)(4)(A), and observing that the award-debtor "proceeded at its peril when it failed to raise its arguments on the merits in its responsive motion [to dismiss]"). Thus, Nigeria's substantive response to the Petition is overdue.[3]

P&ID therefore requests that the Court set a new due date for Nigeria to promptly submit its substantive response to the Petition so that the Court can address the jurisdictional and merits arguments in a single decision, which would be consistent with the summary nature of this action. That is also the way in which award-confirmation proceedings are routinely resolved, including against foreign states. *See, e.g.*, *Balkan Energy Ltd. v. Republic of Ghana*, 302 F. Supp. 3d 144 (D.D.C. 2018) (deciding all of respondent's jurisdictional and New York Convention defenses at the same time, and confirming award) (appeal pending); *BCB Holdings Ltd. v. Gov't of Belize*, 110 F.Supp.3d 233 (D.D.C. 2015) (same); *Belize Social Dev. Ltd. v. Gov't of Belize*, 5 F. Supp. 3d 25 (D.D.C. 2013) (same).

---

[3] By failing to submit a timely response, Nigeria arguably has waived its right to present further defenses and the Court could decide the case based solely on the Petition and the Motion. *See Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365, 369 (D.C. Cir. 2011) (rejecting argument that district court erred by confirming award "without giving Argentina the opportunity to raise defenses afforded to it by the Convention" because Argentina "had ample opportunity to raise these defenses in its Opposition"); *IFC Interconsult*, 438 F.3d at 303, 307-09 (rejecting argument that the district court denied award-debtor an opportunity to be heard when it decided to confirm the award based on the petition to confirm and the motion to dismiss for lack of subject-matter jurisdiction); *Productos Mercantiles e Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994) (holding that district court (i) properly treated award-confirmation petition under the FAA as a motion, (ii) was not required to comply with pleading requirements under the Federal Rules of Civil Procedure, and (iii) "properly decided the merits based solely on the papers submitted by the parties in support of their motions," namely the petition to confirm and the award-debtor's motion to dismiss). While preserving its objection to Nigeria's untimeliness including the above waiver argument, P&ID is prepared to accept a modest extension of Nigeria's August 27 deadline for responding to the Petition.

The Court undoubtedly has the authority under its case-management powers to set filing deadlines for briefing on the Petition and to decide all the issues in this case together as soon as practicable rather than extending the proceeding into multiple phases unnecessarily.  *See, e.g. Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952) (recognizing District Courts' "ample degree of discretion" to manage cases with "regard to conservation of judicial resources and comprehensive disposition of litigation," including to "prevent two litigations where one will suffice"); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (recognizing district court's "prerogative to manage its docket, and its discretion to determine how best to accomplish this goal"); *cf. Farrell v. Tillerson*, 315 F. Supp. 3d 47, 71–72 (D.D.C. 2018) (declining to consider motion to dismiss because it "raise[d] many of the same legal issues" as the plaintiff's motion for summary judgment and instead "order[ing] the defendant to respond to the plaintiff's motion").

In its Motion, Nigeria cites to several cases for the proposition that foreign sovereign immunity is "a shield 'from trial and the attendant burdens' of having to defend against a claim on the merits," and that a foreign state is entitled to an immediate, interlocutory appeal from a denial of a motion to dismiss under the FSIA pursuant to the collateral order doctrine.  (Motion at 31.)  But in none of those cases did the court hold that a foreign state need not comply with the procedure and corresponding filing deadlines for an award-confirmation action under the FAA, or that a district court in such an action may not set a briefing schedule that allows the district court to address all the issues in the case together at an early point in time.[4]  Further, most of the

---

[4] For example, in *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312 (2017), on which Nigeria relies (Motion at 31), the plaintiffs had brought a plenary action against Venezuela seeking compensation for unlawful expropriation of the plaintiffs' oil rigs, and the Supreme Court clarified the standard of proof applicable to establishing jurisdiction under the FSIA's expropriation exception to sovereign immunity under 28 U.S.C. § 1605(a)(3).

cases on which Nigeria relies involved plenary actions in which liability and damages still needed to be decided.  In this case, by contrast, there are no substantial issues of fact to be resolved, no discovery is needed, and there is no looming burden of a trial on the merits.  This is a summary award-recognition proceeding, not a plenary action in which the Court or a jury must find facts, determine liability, and assess damages. As stated above, it is typical in this type of action for district courts to decide jurisdictional and merits defenses in a single ruling, and none of the cases cited by Nigeria hold that to be improper.[5]  To be sure, in deciding this summary action the Court must satisfy itself as a threshold matter that it has jurisdiction under the FSIA, but that does not mean that the Court must permit Nigeria to further delay submitting its substantive response to the Petition until the motion to dismiss has been resolved.

The same delay tactic that Nigeria attempts here was recently rejected by Judge Kollar-Kotelly in another award-confirmation action, *BCB Holdings*, 1:14-cv-1123-CKK.  In that case, Belize filed a motion to dismiss (Dkt. No. 26) and a motion to stay (Dkt. No. 34), arguing that it

---

In so doing, the Court described the basic objective of foreign sovereign immunity as "free[ing] a foreign sovereign from *suit*," observed that a court should "normally . . . reach a decision about immunity as near to the outset of the case as is reasonably possible, and noted that "where a district court decides that there is a 'violation of international law' [i.e. one of the elements of the expropriation exception] as a matter of *jurisdiction*, then (according to the Court of Appeals) the losing sovereign nation can immediately appeal the decision as a collateral order." *Id.* at 1317, 1323 (emphasis in original).  But nothing in the decision says that in an action under the FAA for confirmation of an arbitration award the district court may not require a foreign state to submit its defenses on the merits in a timely manner and to decide all the issues in the case together.

[5] In its Motion, Nigeria also cites two decision in award-confirmation proceedings in which the Second Circuit heard an interlocutory appeal from the district court's denial of a motion to dismiss. (Motion at 32, citing *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72 (2d Cir. 2013); *Figueiredo Ferraz e Engenharia de Projeto Ltda v. Republic of Peru*, 665 F.3d 384 (2d Cir. 2011).)  In neither of those decisions—which are not binding on this Court in any event—did the Second Circuit say that the district court had been *obligated* to rule on the motion to dismiss before requiring the foreign state to present its defenses on the merits.  We also note that *Blue Ridge* involved an action brought under the ICSID Convention, not the FAA. 735 F.3d at 77.

was entitled to an initial determination on jurisdiction and immunity before any merits issues were considered. Belize also filed a "*preliminary* response" to the award-confirmation petition, in which it argued that the court should first decide the motion to dismiss and, if it denied the motion, permit Belize to "file an interlocutory appeal prior to reaching the merits." (Dkt. No. 28 at 2.) After extensive briefing on the various motions and several interim minute orders, Judge Kollar-Kotelly ultimately resolved the jurisdictional and merits issues together (Dkt. Nos. 41, 42), granted the petition to confirm the award, and entered judgment (Dkt. No. 47). The decision was affirmed by the D.C. Circuit. *BCB Holdings Ltd. v. Gov't of Belize*, 110 F. Supp. 3d 233 (D.D.C. 2015), *aff'd*, 650 F. App'x 17 (D.C. Cir. 2016), *cert. denied*, 137 S.Ct. 619 (2017).

Judge Mehta criticized the same delay tactic in *Balkan Energy*, 1:17-cv-584-APM. There, Ghana had moved to dismiss a petition to confirm an arbitration award (Dkt. No. 17) and, in its motion, purported to "'reserv[e] its rights to answer the petition, conduct necessary discovery, and proceed onto the merits' at a later point." *Balkan Energy Ltd. v. Republic of Ghana*, 302 F. Supp. 3d 144, 149 (D.D.C. 2018). Judge Mehta set a briefing schedule on the petition (Dkt. No. 18) and, only after the merits had been briefed (and oral argument held), did he issue a single decision on both the jurisdictional immunity issue and the merits of the petition, concluding that the award should be confirmed (Dkt. No. 36). 302 F. Supp. 3d at 159. In his decision, Judge Mehta referred to the "dubiousness of Ghana's procedural maneuvering," noting:

> "[M]otions to enforce arbitral awards should proceed under motions practice." *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 940 (D.C. Cir. 2007); *see* 9 U.S.C. § 6 (providing that an application to confirm an arbitral award "shall be made and heard in the manner provided by law for the making and hearing of motions"). Accordingly, in this court's view, Ghana should have included all arguments and supporting affidavits for denial of the Petition in its response to the Petition, rather than submitting them in piecemeal fashion.

302 F. Supp. 3d at 149 & n.2.

Consistent with the summary nature of this action and the fact that under the FAA the Petition is to be treated as a motion, not a pleading, the Court should require Nigeria to submit its already-overdue response to the Petition promptly and, once briefing is complete, decide all the issues in a single decision. Given that Nigeria has already had over five months since it received the Petition to consider how it might respond, P&ID respectfully requests that the Court set a due date for no later than September 24, 2018, and that P&ID be given three weeks (until October 15, 2018) to submit a reply.

If such a briefing schedule is set, the Court may also find it sensible to adjust the briefing due dates on Nigeria's Motion to run in parallel with those on the Petition, in which case P&ID respectfully requests that the Court temporarily suspend the due date for P&ID's opposition to Nigeria's Motion (currently September 10, under Local Rule 7(b)) until such time as the Court rules on P&ID's request for a briefing schedule on the Petition.

## CONCLUSION

For the reasons stated above, P&ID respectfully requests that the Court set a briefing schedule on the Petition substantially in the form of the accompanying Proposed Order, and that the Court rule on all the issues in the case together once they have been briefed.

Dated: September 5, 2018

       Washington, D.C.

Respectfully Submitted,

*/s/* Josef M. Klazen
Michael S. Kim
   D.C. Bar No. 1032401
   michael.kim@kobrekim.com
Josef M. Klazen
   D.C. Bar No. 1003749
   josef.klazen@kobrekim.com
KOBRE & KIM LLP
1919 M Street NW

Washington, DC 20036
Telephone: (202) 664-1900

*Attorneys for Petitioner Process and Industrial Developments Limited*