UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROCESS AND INDUSTRIAL
DEVELOPMENTS LIMITED,

    Petitioner,

v.

FEDERAL REPUBLIC OF NIGERIA and
MINISTRY OF PETROLEUM
RESOURCES OF THE FEDERAL
REPUBLIC OF NIGERIA,

    Respondents.

Case No. 18-cv-594 (CRC)

**OPINION AND ORDER**

Petitioner Process and Industrial Developments Limited ("P&ID") brought an action in this Court to confirm an arbitral award against Respondents the Federal Republic of Nigeria and its Ministry of Petroleum Resources (together, "Nigeria"), pursuant to the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). Nigeria filed a Motion to Dismiss the Petition, claiming immunity under the Foreign Sovereign Immunities Act ("FSIA"). In response, P&ID has filed what it styles a Motion for a Briefing Schedule, which Nigeria opposes. In short, the parties disagree about how to proceed: P&ID's Motion asks the Court to continue under summary motions practice, which would require Nigeria to present now all defenses—jurisdictional or otherwise—in response to the Petition. Nigeria seeks instead an initial ruling on the Court's jurisdiction before briefing the merits of the Petition. In light of analysis by the D.C. Circuit and another court in this district, the Court will grant P&ID's Motion.

The FSIA immunizes a foreign state from suit except in limited circumstances. 28 U.S.C. § 1604. The so-called arbitration exception allows actions against foreign states "to confirm an

award made pursuant to . . . an agreement to arbitrate, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards[.]" Id. § 1605(a)(6). The New York Convention is one such international agreement and is codified in Chapter 2 of the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 201, *et seq.* The FAA directs courts to hear petitions to confirm awards under the procedures governing motions practice. Id. § 6.

Nigeria maintains that because the FAA does not distinguish between sovereign and private respondents, the FSIA takes precedence and entitles it to an initial jurisdictional determination. See Respondents' Opp'n to Mot. for Briefing Schedule ("Opp'n") at 5-7. Nigeria's reliance on the FSIA as a jurisdictional bar to confirming the award is familiar, but its insistence on bifurcated proceedings is less common. Even when sovereign nations have filed motions to dismiss such petitions, they have also filed responses on the merits, and courts typically have addressed all defenses together. See, e.g., Balkan Energy Ltd. v. Republic of Ghana, 302 F. Supp. 3d 144, 149 (D.D.C. 2018), appeal docketed, Case No. 18-7064 (D.C. Cir. Apr. 30, 2018); BCB Holdings Ltd. v. Gov't of Belize, 110 F. Supp. 3d 233, 238 (D.D.C. 2015).

The D.C. Circuit's decision in TermoRio S.A. E.S.P. v. Electranta S.P., 487 F.3d 928 (D.C. Cir. 2007), charts the appropriate course here. It explained that the FAA's instruction in its Chapter 1 that "[a]ny application to the court . . . shall be made and heard in the manner . . . for the making and hearing of motions," applies to its Chapter 2, which codifies the New York Convention. Id. at 940 (first alteration in original) (quoting 9 U.S.C. § 6). The court concluded that, as a consequence, "it appears that motions to enforce arbitral awards [pursuant to the New York Convention] should proceed under motions practice, not notice pleading." Id. Importantly,

the TermoRio respondents included Colombia, a sovereign under the FSIA, and the court gave no indication that this fact altered its analysis.

Nigeria attempts to cabin TermoRio, contending that because the court "held that a petition is properly dismissed, as opposed to granted, in a summary procedure where the foreign state voluntarily presented its jurisdictional and merits defenses at the same time," it "did not address whether a motion to dismiss under the FSIA was sufficient as an initial response to a petition to confirm an award." Opp'n at 7 n.3 (emphasis deleted). True, the procedural posture of that case differs from this one and the circuit did not answer the precise question before this Court. But as P&ID notes, the TermoRio district court had found it had subject-matter jurisdiction over the arbitration claim notwithstanding Colombia's invocation of the FSIA. See TermoRio S.A. E.S.P. v. Electrificadora Del Atlantico S.A. E.S.P., 421 F. Supp. 2d 87, 93-94 (D.D.C. 2006). Assessing that decision, the D.C. Circuit found it "clear that the District Court [had] properly addressed [the] application for enforcement of the arbitration award" because it had "reviewed [the] application and [the] response, reviewed the affidavits submitted by the parties in support of their respective positions, and, on the basis of that review, arrived at its judgment." TermoRio, 487 F. 3d at 940. More generally, TermoRio explained in detail how cases brought pursuant to the New York Convention should proceed and gave no indication that the FSIA alters those procedures; its instruction is sufficiently broad to apply here. This Court declines to ignore the circuit court's directive based on differences in procedural posture.

Another court in this district recently reached a similar conclusion. In Balkan Energy Ltd. v. Republic of Ghana, a sovereign-nation respondent moved to dismiss for lack of jurisdiction under the FSIA and submitted additional filings in which it raised merits defenses. 302 F. Supp. 3d at 149. The court depicted Ghana's procedural maneuvers as dubious, id., and

3

cited TermoRio for the proposition that, pursuant to the FAA, "Ghana should have included all arguments and supporting affidavits for denial of the Petition in its response to the Petition, rather than submitting them in piecemeal fashion." Id. at 149 n.2.

Despite these decisions, Nigeria insists that it has an "absolute right to a definitive sovereign immunity determination before being required to defend this lawsuit on the merits." Opp'n at 2. But the cases it cites contemplate potentially arduous discovery and trial on the merits. See, e.g., Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co., 137 S. Ct. 1312 (2017) (lawsuit regarding liability for expropriation of property); Price v. Socialist People's Libyan Arab Jamahiriya, 389 F.3d 192, 197 (D.C. Cir. 2004) (claim of torture and terrorism); Phoenix Consulting Inc. v. Republic of Angola, 216 F.3d 36, 39 (D.C. Cir. 2000) (noting, in breach of contract action, that FSIA creates "an immunity from *trial and the attendant burdens of litigation* . . . . [and] to defer the question is to frustrate the significance and benefit of entitlement to immunity from suit." (emphasis added) (internal quotation marks and citation omitted)). By contrast, the FAA's procedural provisions ensure swift resolution of P&ID's Petition: Nigeria need only submit a single opposition to the Petition, to which P&ID must then reply. This limited process does not rise to the level of discovery, trial, or other procedures from which immunity is designed to shield foreign sovereigns. Cf. Balkan Energy, 302 F. Supp. 3d at 157 (rejecting request for discovery to ensure that "proceeding remain summary in nature" (internal quotation marks and citation omitted)).

Nigeria maintains that this case is distinct because it plans to present intricate defenses including that "enforcement of the award would violate United States public policy against contractual penalties and against imposing punitive damages on foreign states." Opp'n at 9. But these types of merits defenses are "frequently raised" and "rarely . . . successful." Balkan

Energy, 302 F. Supp. 3d at 158 (quoting BCB Holdings Ltd., 110 F. Supp. 3d at 249)). Nigeria's ostensibly complex merits defenses may succeed, but their mere invocation is insufficient to upend the FAA procedures that the D.C. Circuit has directed this Court to follow. And, in any event, Nigeria has not explained how separate jurisdictional and merits stages, with attendant appeals, would alleviate its burdens relative to the ordinary process of a single round of briefing under motions practice.

For the foregoing reasons, it is hereby

**ORDERED** that [31] Petitioner's Motion to Set a Briefing Schedule is GRANTED. It is further

**ORDERED** that parties shall adhere to a briefing schedule as follows: Respondents shall file their opposition to [1] Petition to Confirm Arbitration Award on or before October 31, 2018; Petitioner shall file its reply on or before November 21, 2018. It is further

**ORDERED** that Respondents' opposition to [1] Petition to Confirm Arbitration Award shall include all jurisdictional and merits arguments that it asks the Court to consider.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: October 1, 2018