# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18−cv−00594−CRC</u>

PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED v. FEDERAL REPUBLIC OF NIGERIA et al
Assigned to: Judge Christopher R. Cooper
Cause: 09:0202 Award under Convention on Foreign Arbitral Awards

Date Filed: 03/16/2018
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Petitioner**

**PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED**    represented by    **Michael S. Kim**
KOBRE & KIM LLP
1919 M Street, NW
Suite 410
Washington, DC 20036
(202) 664−1900
Fax: (202) 664−1920
Email: michael.kim@kobrekim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Josef Maxim Klazen**
KOBRE & KIM LLP
1919 M Street, NW
Suite 410
Washington, DC 20036
202−664−1900
Email: josef.klazen@kobrekim.com
*ATTORNEY TO BE NOTICED*

**Marcus Johnson Green**
KOBRE & KIM, LLP
800 Third Avenue
6th Floor
New York, NY 10022
(212) 488−1200
Email: marcus.green@kobrekim.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**FEDERAL REPUBLIC OF NIGERIA**    represented by    **Joseph Dominic Pizzurro**
CURTIS, MALLET−PREVOST, COLT & MOSLE LLP
1717 Pennsylvania Avenue, NW
Washington, DC 20006

    (202) 452–7373
Fax: (202) 452–7333
Email: jpizzurro@curtis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Juan Otoniel Perla**
CURTIS, MALLET–PREVOST, COLT
& MOSLE, LLP
101 Park Avenue
New York, NY 10178–0002
(212)696–6170
Fax: (212)697–1559
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Arthur Meehan**
CURTIS, MALLET–PREVOST, COLT
AND MOSLE, LLP
101 Park Avenue
New York, NY 10178
212–696–6000
Fax: 212–697–1559
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Respondent**

| | | |
|---|---|---|
| **MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA** | represented by | **Joseph Dominic Pizzurro** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Juan Otoniel Perla** (See above for address) *LEAD ATTORNEY* *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Kevin Arthur Meehan** (See above for address) *LEAD ATTORNEY* *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/16/2018 | 1 | | PETITION TO CONFIRM ARBITRATION AWARD against FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA ( Filing fee $ 400 receipt number |

| | | | |
|---|---|---|---|
| | | | 0090–5378116) filed by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Attachments: # 1 Summons, # 2 Summons, # 3 Civil Cover Sheet)(Green, Marcus) (Entered: 03/16/2018) |
| 03/16/2018 | 2 | | MEMORANDUM re 1 Petition to Confirm Arbitration Award, filed by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Green, Marcus) (Entered: 03/16/2018) |
| 03/16/2018 | 3 | | AFFIDAVIT re 1 Petition to Confirm Arbitration Award, *(Declaration of Seamus Ronald Andrew)* by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Green, Marcus) (Entered: 03/16/2018) |
| 03/16/2018 | 4 | | AFFIDAVIT re 1 Petition to Confirm Arbitration Award, *(Declaration of Marcus J. Green)* by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Green, Marcus) (Entered: 03/16/2018) |
| 03/16/2018 | 5 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED (Green, Marcus) (Entered: 03/16/2018) |
| 03/16/2018 | | | Case Assigned to Judge Christopher R. Cooper. (jd) (Entered: 03/20/2018) |
| 03/19/2018 | 6 | | ERRATA *(Corrected first page of Petition)* by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED 1 Petition to Confirm Arbitration Award, filed by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Attachments: # 1 Errata)(Green, Marcus) (Entered: 03/19/2018) |
| 03/20/2018 | 7 | | SUMMONS (2) Issued Electronically as to FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA. (Additional attachment(s) added on 3/20/2018: # 1 Notice and Consent) (jd) (Entered: 03/20/2018) |
| 03/20/2018 | 8 | | AFFIDAVIT REQUESTING FOREIGN MAILING re 1 Petition to Confirm Arbitration Award, 7 Summons Issued Electronically by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Green, Marcus) (Entered: 03/20/2018) |
| 03/22/2018 | 9 | | REQUEST from Plaintiff's for the Clerk to effect service of one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state, by FEDEX, to the head of the ministry of foreign affairs, pursuant to 28 U.S.C. 1608(a)(3). (See docket entry no. 8 to view.) (td) (Entered: 03/22/2018) |
| 03/22/2018 | 10 | | CERTIFICATE OF CLERK of mailing one copy of the summons and complaint, together with a translation of each into the official language of the foreign state on 3/22/18, by FEDEX, to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. 1608(a)(3). (Attachments: # 1 FedEx Mailing Labels) (td) (Entered: 03/22/2018) |
| 04/16/2018 | 11 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by Michael S. Kim on behalf of PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED (Kim, Michael) (Entered: 04/16/2018) |
| 04/16/2018 | 12 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to FEDERAL REPUBLIC OF NIGERIA served on 3/27/2018, answer due 5/26/2018; MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA served on 3/27/2018, answer due 5/26/2018. (Kim, Michael) (Entered: 04/16/2018) |
| 05/29/2018 | 13 | | NOTICE of Appearance by Josef Maxim Klazen on behalf of PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED (Klazen, Josef) (Entered: 05/29/2018) |
| 06/04/2018 | 14 | | AFFIDAVIT FOR Default by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Klazen, Josef) Modified text on 6/8/2018 (ztd). (Entered: 06/04/2018) |
| 06/05/2018 | | | NOTICE OF ERROR re 14 Motion for Entry of Default; emailed to josef.klazen@kobrekim.com, cc'd 2 associated attorneys –– The PDF file you docketed contained errors: 1. Do Not Refile. In the future, please use the default forms on the courts website. (ztd, ) (Entered: 06/05/2018) |
| 06/05/2018 | 15 | | SET ASIDE PURSUANT TO MINUTE ORDER FILED 7/13/18. . . . . Clerk's ENTRY OF DEFAULT as to FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA (ztd) Modified on 7/16/2018 (ztd). (Entered: 06/05/2018) |
| 06/12/2018 | 16 | | NOTICE of Appearance by Joseph Dominic Pizzurro on behalf of FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA (Pizzurro, Joseph) (Entered: 06/12/2018) |
| 06/12/2018 | 17 | | MOTION to Set Aside Default , MOTION to Dismiss by FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA (Attachments: # 1 Memorandum in Support, # 2 Declaration –Joseph D. Pizzurro, # 3 Exhibit –1, # 4 Exhibit –2, # 5 Text of Proposed Order, # 6 Certificate of Service)(Pizzurro, Joseph) (Entered: 06/12/2018) |
| 06/14/2018 | 18 | | NOTICE *Request to Issue Additional Summonses* by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED (Klazen, Josef) (Entered: 06/14/2018) |
| 06/14/2018 | 19 | | REQUEST FOR SUMMONS TO ISSUE *Additional Summonses* re 18 Notice (Other) filed by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. Related document: 18 Notice (Other) filed by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED.(Klazen, Josef) (Entered: 06/14/2018) |
| 06/18/2018 | 20 | | Summons (2) Issued as to FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA. (ztd) (Entered: 06/18/2018) |
| 06/18/2018 | 21 | | |

| | | | |
|---|---|---|---|
| | | | AFFIDAVIT REQUESTING FOREIGN MAILING re 1 Petition to Confirm Arbitration Award, 20 Summons Issued by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Kim, Michael) (Entered: 06/18/2018) |
| 06/21/2018 | 22 | | REQUEST from Plaintiff's for the Clerk to effect service upon defendants of one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state, by FEDEX, to the head of the ministry of foreign affairs, pursuant to 28 U.S.C. 1608(a)(3). (SEE DOCKET ENTRY NO. 21 TO VIEW.) (ztd) (Entered: 06/21/2018) |
| 06/21/2018 | 23 | | CERTIFICATE OF CLERK of mailing one copy of the summons and complaint, together with a translation of each into the official language of the foreign state, upon defendants, on 6/21/18, by FEDEX, to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. 1608(a)(3). (Attachments: # 1 FedEx Mailing Waybills) (ztd) (Entered: 06/21/2018) |
| 06/26/2018 | 24 | | Memorandum in opposition to re 17 MOTION to Set Aside Default MOTION to Dismiss filed by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Attachments: # 1 Declaration, # 2 Exhibit 1 to Declaration, # 3 Exhibit 2 to Declaration, # 4 Certificate of Service)(Klazen, Josef) (Entered: 06/26/2018) |
| 06/29/2018 | 25 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to FEDERAL REPUBLIC OF NIGERIA served on 6/27/2018, answer due 8/26/2018; MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA served on 6/27/2018, answer due 8/26/2018. (Klazen, Josef) (Entered: 06/29/2018) |
| 07/03/2018 | 26 | | REPLY to opposition to motion re 17 MOTION to Set Aside Default MOTION to Dismiss filed by FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA. (Pizzurro, Joseph) (Entered: 07/03/2018) |
| 07/06/2018 | 27 | | DECLARATION of Service by Josef M. Klazen of Summons and Complaint Executed as to (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Klazen, Josef) Modified text on 7/13/2018 (ztd). (Entered: 07/06/2018) |
| 07/13/2018 | | | MINUTE ORDER granting in part and denying in part 17 Respondents' Motion to Set Aside the Clerk's Entry of Default and To Dismiss. The motion is GRANTED to the extent it seeks to set aside the Clerk's entry of default because Petitioner did not properly effectuate service of process under 28 U.S.C. section 1608(a)(3) by addressing the process documents to the "head of the ministry of foreign affairs." See Barot v. Embassy of Zambia, 785 F.3d 26, 27 (D.C. Cir. 2015) (finding that strict adherence to 1608(a) is required). (The Court would have set aside entry of default in any case in light of Nigeria's recent appearance in the case, belated as it may be.) The motion is DENIED to the extent it seeks dismissal of the petition. Signed by Judge Christopher R. Cooper on 7/13/2018. (lccrc3) (Entered: 07/13/2018) |
| 08/27/2018 | 28 | | MOTION to Dismiss for Lack of Jurisdiction *Under The FSIA* by FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA (Attachments: # 1 Memorandum in Support, # 2 Declaration –Joseph D. Pizzurro, # 3 Exhibit –A, # 4 Exhibit –B, # 5 Text of Proposed Order, # 6 Certificate of Service)(Pizzurro, Joseph) (Entered: 08/27/2018) |

| | | | |
|---|---|---|---|
| 08/27/2018 | 29 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kevin Arthur Meehan, :Firm– Curtis, Mallet–Prevost, Colt & Mosle LLP, :Address– 101 Park Avenue, NY, NY 10178. Phone No. – 212–696–6197. Fax No. – 917–368–8835 Filing fee $ 100, receipt number 0090–5659476. Fee Status: Fee Paid. by FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA (Attachments: # 1 Declaration –Kevin Arthur Meehan, # 2 Text of Proposed Order, # 3 Certificate of Service)(Pizzurro, Joseph) (Entered: 08/27/2018) |
| 08/27/2018 | 30 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Juan Otoniel Perla, :Firm– Curtis, Mallet–Prevost, Colt & Mosle LLP, :Address– 101 Park Avenue, NY, NY 10178. Phone No. – 212–696–6084. Fax No. – 212–697–1559 Filing fee $ 100, receipt number 0090–5659557. Fee Status: Fee Paid. by FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA (Attachments: # 1 Declaration –Juan Otoniel Perla, # 2 Text of Proposed Order, # 3 Certificate of Service)(Pizzurro, Joseph) (Entered: 08/27/2018) |
| 08/28/2018 | | | MINUTE ORDER: Upon consideration of the Respondents' Motion 30 for Admission of Attorney Juan Otoniel Perla *Pro Hac Vice*, it is hereby ORDERED that the Motion is GRANTED. Signed by Judge Christopher R. Cooper on 08/28/2018. (lccrc3) Modified on 8/29/2018 (zlsj). (Entered: 08/28/2018) |
| 08/28/2018 | | | MINUTE ORDER: Upon consideration of the Respondents' Motion 29 for Admission of Attorney Kevin Arthur Meehan *Pro Hac Vice*, it is hereby ORDERED that the Motion is GRANTED. Signed by Judge Christopher R. Cooper on 08/28/2018. (lccrc3) Modified on 8/29/2018 (zlsj). (Entered: 08/28/2018) |
| 09/05/2018 | 31 | | MOTION for Briefing Schedule by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Klazen, Josef) (Entered: 09/05/2018) |
| 09/06/2018 | | | MINUTE ORDER: Defendants shall file any opposition to Plaintiff's 31 Motion for Setting a Briefing Schedule on or before September 11, 2018 and Plaintiff shall file any reply on or before September 14, 2018. Plaintiff's deadline for opposing Defendants' 28 Motion to Dismiss is hereby vacated until further order of the Court. So Ordered. Signed by Judge Christopher R. Cooper on 09/06/2018. (lccrc3) (Entered: 09/06/2018) |
| 09/11/2018 | 32 | | Memorandum in opposition to re 31 MOTION for Briefing Schedule filed by FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Pizzurro, Joseph) (Entered: 09/11/2018) |
| 09/14/2018 | 33 | | REPLY to opposition to motion re 31 MOTION for Briefing Schedule *On the Petition to Confirm Arbitration Award* filed by PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED. (Attachments: # 1 Certificate of Service)(Klazen, Josef) (Entered: 09/14/2018) |
| 10/01/2018 | 34 | 11 | ORDER granting 31 Motion for Briefing Schedule. It is hereby ORDERED that the parties shall adhere to a briefing schedule as follows: Respondents shall file their opposition to 1 Petition to Confirm Arbitration Award on or before |

| | | | |
|---|---|---|---|
| | | | October 31, 2018; Petitioner shall file its reply on or before November 21, 2018. See full Order for details. Signed by Judge Christopher R. Cooper on 10/1/2018. (lccrc3) (Entered: 10/01/2018) |
| 10/02/2018 | | | Set/Reset Deadlines: Respondent's Opposition to Petition due by 10/31/2018. Petitioner's Reply due by 11/21/2018. (lsj) (Entered: 10/02/2018) |
| 10/04/2018 | | | MINUTE ORDER: A hearing on the Petition to Confirm Arbitration Award is set for December 20, 2018 at 10 AM in Courtroom 27A. Signed by Judge Christopher R. Cooper on 10/04/2018. (lccrc3) (Entered: 10/04/2018) |
| 10/04/2018 | | | Set/Reset Hearings: Petition Hearing set for 12/20/2018 at 10:00 AM in Courtroom 27A before Judge Christopher R. Cooper. (lsj) (Entered: 10/04/2018) |
| 10/05/2018 | 35 | 8 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 34 Order on Motion for Briefing Schedule, by FEDERAL REPUBLIC OF NIGERIA, MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA. Filing fee $ 505, receipt number 0090–5725071. Fee Status: Fee Paid. Parties have been notified. (Pizzurro, Joseph) (Entered: 10/05/2018) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED, | |
|---|---|
| Petitioner, | |
| v. | Case No. 18-cv-00594-CRC |
| FEDERAL REPUBLIC OF NIGERIA AND MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA, | |
| Respondents. | |

## NOTICE OF APPEAL

Notice is hereby given that Respondents Federal Republic of Nigeria and the Ministry of Petroleum Resources of the Federal Republic of Nigeria (together, "Nigeria"), hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Opinion and Order dated October 1, 2018 [ECF No. 34] ("Order") requiring Nigeria to defend the merits of the petition to confirm an arbitral award ("Petition"), filed by Process and Industrial Developments Limited ("P&ID"), before Nigeria's assertion of sovereign immunity has been conclusively resolved under the Foreign Sovereign Immunities Act ("FSIA").

By requiring Nigeria to defend this lawsuit on the merits before a conclusive and authoritative decision on its sovereign immunity has been reached, the Order has the effect of abrogating Nigeria's immunity from suit, i.e., "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000). *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311 (11th Cir. 2009) ("Inasmuch as the order on appeal required appellants to answer the complaint and called for discovery, it denied them immunity from suit under the FSIA."); *In re Republic of the Philippines*, 309 F3d 1143, 1149 (9th Cir. 2002) ("We agree with the Republic

that the district court should have addressed the merits of the immunity question first in order to preserve the immunity that may be determined to exist."); *United States v. Moats,* 961 F.2d 1198, 1201, 1203 (5th Cir. 1992) (finding that a denial of immunity had occurred, even though "the district court did not specify lack of immunity," because "the effect of the order [was] to require Pemex to defend the lawsuit," and observing that "sovereign immunity is an immunity from the burdens of becoming involved in any part of the litigation process"); *see also Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 80 (2d Cir. 2013) (explaining that a denial of immunity from suit is no less injurious simply because the underlying action is based on a petition to confirm an arbitral award, rather than an action implicating a trial). Thus, as a denial of jurisdictional immunity under the FSIA, the Order is immediately appealable pursuant to the collateral order doctrine. *See Princz v. Fed. Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993) (*per curiam*) (Ginsburg, R.B., & Wald, J.J.); *Butler*, 579 F.3d at 1311; *Republic of the Philippines*, 309 F3d at 1149; *Moats,* 961 F.2d at 1201; *Blue Ridge*, 735 F.3d at 72.

Accordingly, this Court has been divested of jurisdiction to resolve the merits of P&ID's petition, and these proceedings are effectively stayed, pending the D.C. Circuit's resolution of Nigeria's appeal from the denial of its jurisdictional immunity under the FSIA. *See Princz*, 998 F.2d at 1; *Tatneft v. Ukraine*, No. 17-cv-582-CKK, 2018 U.S. Dist. LEXIS 152356, at *2 (D.D.C. May 2, 2018); *see also In re Socialist People's Libyan Arab Jamahiriya*, No. 04-7038, 2004 U.S. App. LEXIS 7244, at *1 (D.C. Cir. Apr. 13, 2004) (*per curiam*) (Edwards, Randolph, & Garland, J.J.) (granting writ of mandamus requiring the district court to halt "any and all proceedings" pending resolution of an appeal from a denial of foreign sovereign immunity).

Dated: Washington, D.C.
October 5, 2018

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By:  */s/ Joseph D. Pizzurro*
Joseph D. Pizzurro
(D.C. Bar No. 468922)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
Email: jpizzurro@curtis.com

-and-

Kevin A. Meehan (*pro hac vice*)
Juan O. Perla (*pro hac vice*)
101 Park Avenue
New York, NY 10178
Tel.: (212) 696-6000
Fax: (212) 697-1559
Email: kmeehan@curtis.com
Email: jperla@curtis.com

*Attorneys for Respondents Federal Republic of Nigeria and Ministry of Petroleum Resources of the Federal Republic of Nigeria*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED**,

Petitioner,

v.

**FEDERAL REPUBLIC OF NIGERIA and MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA**,

Respondents.

Case No. 18-cv-594 (CRC)

### OPINION AND ORDER

Petitioner Process and Industrial Developments Limited ("P&ID") brought an action in this Court to confirm an arbitral award against Respondents the Federal Republic of Nigeria and its Ministry of Petroleum Resources (together, "Nigeria"), pursuant to the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). Nigeria filed a Motion to Dismiss the Petition, claiming immunity under the Foreign Sovereign Immunities Act ("FSIA"). In response, P&ID has filed what it styles a Motion for a Briefing Schedule, which Nigeria opposes. In short, the parties disagree about how to proceed: P&ID's Motion asks the Court to continue under summary motions practice, which would require Nigeria to present now all defenses—jurisdictional or otherwise—in response to the Petition. Nigeria seeks instead an initial ruling on the Court's jurisdiction before briefing the merits of the Petition. In light of analysis by the D.C. Circuit and another court in this district, the Court will grant P&ID's Motion.

The FSIA immunizes a foreign state from suit except in limited circumstances. 28 U.S.C. § 1604. The so-called arbitration exception allows actions against foreign states "to confirm an

11

award made pursuant to . . . an agreement to arbitrate, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards[.]" Id. § 1605(a)(6). The New York Convention is one such international agreement and is codified in Chapter 2 of the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 201, *et seq.* The FAA directs courts to hear petitions to confirm awards under the procedures governing motions practice. Id. § 6.

Nigeria maintains that because the FAA does not distinguish between sovereign and private respondents, the FSIA takes precedence and entitles it to an initial jurisdictional determination. See Respondents' Opp'n to Mot. for Briefing Schedule ("Opp'n") at 5-7. Nigeria's reliance on the FSIA as a jurisdictional bar to confirming the award is familiar, but its insistence on bifurcated proceedings is less common. Even when sovereign nations have filed motions to dismiss such petitions, they have also filed responses on the merits, and courts typically have addressed all defenses together. See, e.g., Balkan Energy Ltd. v. Republic of Ghana, 302 F. Supp. 3d 144, 149 (D.D.C. 2018), appeal docketed, Case No. 18-7064 (D.C. Cir. Apr. 30, 2018); BCB Holdings Ltd. v. Gov't of Belize, 110 F. Supp. 3d 233, 238 (D.D.C. 2015).

The D.C. Circuit's decision in TermoRio S.A. E.S.P. v. Electranta S.P., 487 F.3d 928 (D.C. Cir. 2007), charts the appropriate course here. It explained that the FAA's instruction in its Chapter 1 that "[a]ny application to the court . . . shall be made and heard in the manner . . . for the making and hearing of motions," applies to its Chapter 2, which codifies the New York Convention. Id. at 940 (first alteration in original) (quoting 9 U.S.C. § 6). The court concluded that, as a consequence, "it appears that motions to enforce arbitral awards [pursuant to the New York Convention] should proceed under motions practice, not notice pleading." Id. Importantly,

the TermoRio respondents included Colombia, a sovereign under the FSIA, and the court gave no indication that this fact altered its analysis.

Nigeria attempts to cabin TermoRio, contending that because the court "held that a petition is properly dismissed, as opposed to granted, in a summary procedure where the foreign state voluntarily presented its jurisdictional and merits defenses at the same time," it "did not address whether a motion to dismiss under the FSIA was sufficient as an initial response to a petition to confirm an award." Opp'n at 7 n.3 (emphasis deleted). True, the procedural posture of that case differs from this one and the circuit did not answer the precise question before this Court. But as P&ID notes, the TermoRio district court had found it had subject-matter jurisdiction over the arbitration claim notwithstanding Colombia's invocation of the FSIA. See TermoRio S.A. E.S.P. v. Electrificadora Del Atlantico S.A. E.S.P., 421 F. Supp. 2d 87, 93-94 (D.D.C. 2006). Assessing that decision, the D.C. Circuit found it "clear that the District Court [had] properly addressed [the] application for enforcement of the arbitration award" because it had "reviewed [the] application and [the] response, reviewed the affidavits submitted by the parties in support of their respective positions, and, on the basis of that review, arrived at its judgment." TermoRio, 487 F. 3d at 940. More generally, TermoRio explained in detail how cases brought pursuant to the New York Convention should proceed and gave no indication that the FSIA alters those procedures; its instruction is sufficiently broad to apply here. This Court declines to ignore the circuit court's directive based on differences in procedural posture.

Another court in this district recently reached a similar conclusion. In Balkan Energy Ltd. v. Republic of Ghana, a sovereign-nation respondent moved to dismiss for lack of jurisdiction under the FSIA and submitted additional filings in which it raised merits defenses. 302 F. Supp. 3d at 149. The court depicted Ghana's procedural maneuvers as dubious, id., and

cited TermoRio for the proposition that, pursuant to the FAA, "Ghana should have included all arguments and supporting affidavits for denial of the Petition in its response to the Petition, rather than submitting them in piecemeal fashion." Id. at 149 n.2.

Despite these decisions, Nigeria insists that it has an "absolute right to a definitive sovereign immunity determination before being required to defend this lawsuit on the merits." Opp'n at 2. But the cases it cites contemplate potentially arduous discovery and trial on the merits. See, e.g., Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co., 137 S. Ct. 1312 (2017) (lawsuit regarding liability for expropriation of property); Price v. Socialist People's Libyan Arab Jamahiriya, 389 F.3d 192, 197 (D.C. Cir. 2004) (claim of torture and terrorism); Phoenix Consulting Inc. v. Republic of Angola, 216 F.3d 36, 39 (D.C. Cir. 2000) (noting, in breach of contract action, that FSIA creates "an immunity from *trial and the attendant burdens of litigation* . . . . [and] to defer the question is to frustrate the significance and benefit of entitlement to immunity from suit." (emphasis added) (internal quotation marks and citation omitted)). By contrast, the FAA's procedural provisions ensure swift resolution of P&ID's Petition: Nigeria need only submit a single opposition to the Petition, to which P&ID must then reply. This limited process does not rise to the level of discovery, trial, or other procedures from which immunity is designed to shield foreign sovereigns. Cf. Balkan Energy, 302 F. Supp. 3d at 157 (rejecting request for discovery to ensure that "proceeding remain summary in nature" (internal quotation marks and citation omitted)).

Nigeria maintains that this case is distinct because it plans to present intricate defenses including that "enforcement of the award would violate United States public policy against contractual penalties and against imposing punitive damages on foreign states." Opp'n at 9. But these types of merits defenses are "frequently raised" and "rarely . . . successful." Balkan

Energy, 302 F. Supp. 3d at 158 (quoting BCB Holdings Ltd., 110 F. Supp. 3d at 249)). Nigeria's ostensibly complex merits defenses may succeed, but their mere invocation is insufficient to upend the FAA procedures that the D.C. Circuit has directed this Court to follow. And, in any event, Nigeria has not explained how separate jurisdictional and merits stages, with attendant appeals, would alleviate its burdens relative to the ordinary process of a single round of briefing under motions practice.

For the foregoing reasons, it is hereby

**ORDERED** that [31] Petitioner's Motion to Set a Briefing Schedule is GRANTED. It is further

**ORDERED** that parties shall adhere to a briefing schedule as follows: Respondents shall file their opposition to [1] Petition to Confirm Arbitration Award on or before October 31, 2018; Petitioner shall file its reply on or before November 21, 2018. It is further

**ORDERED** that Respondents' opposition to [1] Petition to Confirm Arbitration Award shall include all jurisdictional and merits arguments that it asks the Court to consider.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: October 1, 2018