UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED**, <br><br> Petitioner, <br><br> v. <br><br> **FEDERAL REPUBLIC OF NIGERIA and MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA**, <br><br> Respondents. | Case No. 18-cv-594 (CRC) |

**OPINION AND ORDER**

Petitioner Process and Industrial Developments Limited ("P&ID") seeks to confirm an arbitral award against Respondents the Federal Republic of Nigeria and its Ministry of Petroleum Resources (together, "Nigeria"), pursuant to the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified in Chapter 2 of the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 201, *et seq*. In its initial response to P&ID's Petition, Nigeria moved to dismiss for lack of jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), which allows courts to hear cases against foreign states only in limited circumstances. 28 U.S.C. § 1604.

P&ID objected that, because the FAA calls for single responses to petitions to enforce arbitral awards, Nigeria improperly sought to bifurcate this proceeding into a jurisdictional phase and a merits phase. See Petitioner's Motion for Briefing Schedule, ECF No. 31. The Court

agreed and ordered Nigeria to file a response to the Petition that included all jurisdictional and substantive defenses. See Order Granting Motion for Briefing Schedule, ECF No. 34 ("Scheduling Order").

Rather than comply with the Order, Nigeria appealed, contending that the Court's Order abrogated its sovereign immunity and that it is entitled to a definitive jurisdictional decision before briefing the merits of its defense. Notice of Appeal, ECF No. 35. The Court stayed proceedings because an appeal typically divests it of jurisdiction. October 9, 2018 Minute Order. P&ID now moves to lift that stay and asks the Court to re-assert jurisdiction by certifying the appeal as invalid or frivolous. Petitioner's Motion to Certify Appeal as Invalid or Frivolous, Retain Jurisdiction, and Lift Stay, ECF No. 37 ("Petitioner's Motion"). While P&ID may well be correct that Nigeria's appeal is dilatory, the Court cannot conclude that it is wholly invalid or frivolous. Because the question of whether this interlocutory appeal is appropriate goes to the D.C. Circuit's own jurisdiction and is best answered there, this Court will deny P&ID's motion.

I. Analysis

Generally, appeal is appropriate only when a district court has issued a "final decision[]," 28 U.S.C. § 1291, that "leaves nothing for the court to do but execute the judgment," Catlin v. United States, 324 U.S. 229, 233 (1945). Nigeria's appeal here invokes one of several exceptions: A denial of sovereign immunity is immediately reviewable on interlocutory appeal. See, e.g., Princz v. Fed. Republic of Germany, 998 F.2d 1, 1 (D.C. Cir. 1993) (per curiam).

Yet interlocutory review is available only if an order "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." Will v. Hallock,

546 U.S. 345, 349 (2006) (quoting P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993)).

"A non-frivolous appeal from the district court's order divests the district court of jurisdiction . . . and the district court may not proceed until the appeal is resolved." Bombardier Corp. v. National R.R. Passenger Corp., No. 02-7125, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002) (per curiam). But "[i]t is settled that a notice of appeal from an unappealable order does not divest the district court of jurisdiction." McKesson HBOC, Inc. v. Islamic Republic of Iran, 315 F. Supp. 2d 63, 66 (D.D.C. 2004). In such instances, "a notice of appeal [is] so baseless that it does not invoke appellate jurisdiction," and the district court can retain jurisdiction. Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989).

P&ID's contention that Nigeria's appeal is invalid or frivolous rests largely on the notion that the Court has not yet ruled on Nigeria's immunity and so the Scheduling Order did not conclusively determine the matter. Its point is sound: The Court's Order did not reject the immunity defense, but merely required Nigeria to follow FAA procedures and submit a single response that raised all defenses for simultaneous adjudication.

Nevertheless, Nigeria presents a non-frivolous theory that the Order is immediately reviewable because it had the *effect* of abrogating sovereign immunity. See Respondents' Opposition to Motion to Certify Appeal as Invalid or Frivolous, Retain Jurisdiction, and Lift Stay, ECF No. 38, at 9; see generally, Notice of Appeal. If the Court had rejected its immunity defense, Nigeria would have been forced to submit a merits defense. Here, in rejecting its procedural gambit, the Court's Order had the same consequence.

It bears repeating that the consequence of the Court's Order is not particularly burdensome on Nigeria. See Scheduling Order at 4 (FAA procedures "ensure swift resolution"

3

and require Nigeria to submit only a single response to the petition, a "limited process [that] does not rise to the level of discovery, trial, or other procedures from which immunity is designed to shield foreign sovereigns."). In fact, the bifurcated process Nigeria seeks would likely aggravate its litigation burdens relative to the FAA's summary procedures.

Nonetheless, the Circuit has never had occasion to determine the question presented here: Whether a sovereign state may seek interlocutory appeal of a procedural order requiring it to act before determination of its claimed sovereign immunity. A "crucial question" in this determination "is whether deferring review until final judgment so imperils the interest [at stake] as to justify the cost of allowing immediate appeal[.]" Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 108 (2009). The Court recognizes the sensitive nature of the interests protected by sovereign immunity—denial of such immunity is immediately appealable precisely because of its sensitivity. The political branches have carved out narrow exceptions to the principle that foreign sovereigns should not be dragged into U.S. courts, and there may be important policy reasons for bifurcating the process here despite the FAA's call for summary procedures. That is a question the Circuit has not yet answered squarely. See Scheduling Order at 3.

Given the effects of its Scheduling Order, the Court cannot conclude that Nigeria's contentions are so baseless as to assert jurisdiction despite the Notice of Appeal. P&ID remains free, of course, to press its jurisdictional arguments at the Circuit.

## II. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [37] Petitioner's Motion to Certify Respondents' Appeal as Invalid or Frivolous, Retain Jurisdiction, and Lift Stay is DENIED.

**SO ORDERED**.

                                                                                      _____
                                                                                      CHRISTOPHER R. COOPER
                                                                                      United States District Judge

Date:  November 1, 2018