UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED, | : |
| Petitioner, | : |
| v. | : |
| FEDERAL REPUBLIC OF NIGERIA and MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA, | : |
| Respondents. | : |

Civil Action No. 18-cv-00594-CRC

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONER'S RESPONSE TO
RESPONDENTS' NOTICE TO THIS COURT OF THE
RECENT JUDGMENT OF THE HIGH COURT OF JUSTICE IN LONDON**

Petitioner Process & Industrial Developments Limited ("P&ID") respectfully submits this Response to the filing by Respondents Defendants Federal Republic of Nigeria and the Ministry of Petroleum Resources of the Federal Republic of Nigeria (together "Nigeria") of the "Notice to This Court of the Recent Judgment of the High Court of Justice in London" dated October 2, 2020 (Dkt. No. 48) ("Notice").

Nigeria's Notice brings to the Court's attention a recent interlocutory decision by the High Court of Justice for England and Wales (the "English High Court"), which extended the time within which Nigeria can apply to set aside the arbitration award that P&ID obtained against Nigeria in 2017. *See* Dkt. No. 48-1 ¶ 277 ("For the reasons given, I grant Nigeria's applications for an extension of time and relief from sanctions."). Although Nigeria alleges that the arbitration award was obtained through fraud (which P&ID denies), this interlocutory decision did not determine that a fraud had in fact occurred. *See id.* ¶ 4 ("It is not my function at this preliminary

1

stage to decide whether a fraud took place."). Rather, on the basis of only written evidence, and without any witnesses having been subject to cross-examination, the English High Court found only that Nigeria had established a *prima facie* case of fraud on the part of P&ID, and referred to Nigeria's *prima facie* case as "strong" in relation to certain allegations against P&ID. The English High Court thus *did not* set aside the award but simply allowed Nigeria to *apply to do so* even though the time to bring such a challenge had long since expired. In order for the English High Court to set aside the award, Nigeria will have to prove its allegations at trial.

Apart from that, Nigeria's Notice offers little of substance to the Court. While P&ID reserves all rights with respect to the arguments implied by the Notice, P&ID respectfully writes the Court to clarify a few important issues.

*First*, Nigeria's Notice has no bearing on the pending Motion to Dismiss that has been fully briefed since September 2, 2020, and Nigeria does not claim otherwise. As the Court is aware, Nigeria's Motion to Dismiss relies on the argument that the Court lacks jurisdiction under the Foreign Sovereign Immunities Act ("FSIA") because a *Nigerian court* purportedly set aside the Tribunal's Award on Liability. Although P&ID informed this Court in its opposition to the Motion to Dismiss that Nigeria had recently applied to the *English court* for permission to apply to set aside the Final Award (Dkt. No. 44 at 16), Nigeria did not until now argue that those proceedings would have any effect on this action. On the contrary, Nigeria took the position that the English courts "could not vacate the Award" because, according to Nigeria, "the Arbitration was not seated in London and was not governed by the English Arbitration Act and therefore English courts did not have supervisory jurisdiction over the Arbitration under Article V(1)(e) of the New York Convention." Dkt. No. 46 at 14. Further, the English High Court's previous judgment—which held that the Final Award is enforceable in England and Wales, and upon which P&ID relied in

opposing the Motion to Dismiss—has not been disturbed.  Accordingly, the recent decision by the English High Court does not impact the pending Motion to Dismiss, which P&ID has respectfully asked this Court to deny.

*Second*, Nigeria's Notice does not explain why this "action should be dismissed without prejudice" on account of an interlocutory decision.  *See* Notice at 3.  (Nor is the Notice a proper motion that could request such relief, *see* LCvR 7.)  As stated above, the English High Court has not set aside the Final Award (or any earlier award by the Tribunal) and it will not do so unless and until Nigeria can prove its fraud allegations at trial.   P&ID denies those allegations—which are a politically motivated effort by Nigeria to avoid paying the Final Award—and it looks forward to presenting its case to the English High Court, where Nigeria's evidence will be scrutinized and its witnesses subject to cross-examination.

*Third*, Nigeria's claimed urgency in filing this notice *before* meeting and conferring with P&ID is disingenuous.  Nigeria could have brought the September 4, 2020 English High Court decision to this Court's attention weeks ago, but it chose not to do so.  P&ID's counsel is prepared to meet and confer with Nigeria's new counsel, but Nigeria's Notice has no bearing on these proceedings.

Dated: October 8, 2020
       Washington, D.C.

                                              Respectfully Submitted,

                                              */s/ Michael S. Kim*
                                              Michael S. Kim
                                                  D.C. Bar No. 1032401
                                                  michael.kim@kobrekim.com

                                              Josef M. Klazen
                                                  D.C. Bar No. 1003749
                                                  josef.klazen@kobrekim.com
                                              KOBRE & KIM LLP
                                              1919 M Street NW

Washington, DC 20036
Tel. +1 202 664 1900

Darryl G. Stein
    D.D.C. Bar ID No. NY0338
    darryl.stein@kobrekim.com

Christopher Cogburn
    (admitted *pro hac vice*)
    christopher.cogburn@kobrekim.com
KOBRE & KIM LLP
800 Third Ave.
New York, NY 10022
Tel. +1 212 488 1200

*Attorneys for Petitioner Process and Industrial Developments Limited*