UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PROCESS AND INDUSTRIAL DEVELOPMENTS LIMITED,<br><br>        Petitioner,<br><br>v.<br><br>FEDERAL REPUBLIC OF NIGERIA and MINISTRY OF PETROLEUM RESOURCES OF THE FEDERAL REPUBLIC OF NIGERIA,<br><br>        Respondents | Civil Action No: 18-cv-594 (CRC) |

**JOINT STIPULATION TO STAY PETITIONER'S
PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Process and Industrial Developments Limited ("P&ID"), and Respondents Federal Republic of Nigeria and the Ministry of Petroleum Resources of the Federal Republic of Nigeria (together "Nigeria"), by and through their undersigned counsel, hereby respectfully submit this Stipulation and [Proposed] Order to stay this action concerning P&ID's Petition to Confirm Arbitration Award (ECF 1) (the "Petition"). The parties respectfully submit this Stipulation and [Proposed] Order as their "joint proposal for further proceedings in this case", which the Court directed the parties to file on or before May 26, 2022, by minute order on May 18, 2022, and which the parties reported that they would file by June 2, 2022 in their joint status report (ECF 64).

In support of this joint stipulation, the parties state as follows:

**WHEREAS** on March 16, 2018, P&ID filed the Petition for recognition and enforcement of an arbitral award against Nigeria issued on January 31, 2017 (the "Award");

**WHEREAS** the Award concerns P&ID's efforts to enforce a January 11, 2010 Gas Processing and Supply Agreement between Nigeria and P&ID (the "GSPA");

1

**WHEREAS** on March 16, 2018, P&ID commenced enforcement proceedings in the High Court of Justice in London, England to enforce the Award (the "English Enforcement Application");

**WHEREAS** on August 16, 2019, the English Court granted the English Enforcement Application (the "English Enforcement Judgment"), which Judgment has been filed on the docket in this action for the Court's reference.  *See* ECF 45-2;

**WHEREAS** on December 5, 2019, Nigeria commenced proceedings in London, England, pursuant to Sections 67 and 68 of the Arbitration Act 1996 for orders setting aside the Award and/or declaring the Award to be of no effect, and also commenced an application pursuant to Section 66 of the Arbitration Act 1996 for permission to resist enforcement of the English Enforcement Judgment (collectively, the "Set Aside Application");

**WHEREAS** on September 10, 2020, the English High Court of Justice issued its Judgment authorizing Nigeria to proceed with its Set Aside Application, which Judgment has been filed on the docket in this action for the Court's reference.  *See* ECF 48-1;

**WHEREAS** the trial on Nigeria's Set Aside Application is scheduled to commence on January 23, 2023, and the parties anticipate that it will conclude in March 2023 with a judgment to be handed down by the English High Court of Justice thereafter (the "Expected English Judgment");

**WHEREAS** on December 31, 2020, Nigeria appealed this Court's order denying Nigeria's motion to dismiss to the D.C. Circuit (ECF 58), which the D.C. Circuit affirmed, *Process and Industrial Developments Limited v. Federal Republic of Nigeria*, 27 F.4th 771 (D.C. Cir. 2022) (the "D.C. Circuit Decision"); and

**WHEREAS** the parties have consulted and agree that the Petition should be stayed through fourteen (14) days after the Expected English Judgment is handed down.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties as follows:

1. Other than the status reports provided for in paragraph 2 below, the Petition and this proceeding shall be stayed until fourteen (14) days after the Expected English Judgment is handed down by the English High Court of Justice;

2. The parties will file a joint status report every ninety days to apprise the Court of the status of the Set Aside Application, and within fourteen days after the Expected English Judgment is handed down by the English High Court of Justice;

3. Nigeria shall not be required to provide any security as a condition of the stay;

4. As consideration for P&ID's consent to the stay, Nigeria shall not file a Petition for Certiorari before the United States Supreme Court regarding the D.C. Circuit Decision; and

5. Nigeria's written response to the Petition will be due sixty (60) days after the Expected English Judgment is handed down by the English High Court of Justice.

Dated: June 2, 2022
New York, New York

| **KOBRE & KIM LLP** | **MEISTER SEELIG & FEIN LLP** |
|---|---|
| By: _/s/ Darryl G. Stein_<br>Darryl G. Stein, Esq.<br>Michael S. Kim, Esq.<br>Josef M. Klazen, Esq.<br>800 Third Avenue<br>New York, New York 10022<br>Tel: (212) 488-1200 | By: _/s/ Christopher J. Major_<br>Christopher J. Major, Esq.<br>Alexander D. Pencu, Esq.<br>Austin D. Kim, Esq.<br>125 Park Avenue, 7th Floor<br>New York, New York 10017<br>Tel: (212) 655-3500 |
| *Attorneys for the Process and Industrial Developments Limited* | *Attorneys for the Federal Republic of Nigeria and the Ministry of Petroleum Resources the Federal Republic of Nigeria* |

So Ordered this____ day of _____, 2022

_____
U.S.D.J.